## Hamilton *against* Aslin.

Where the supreme court reverses a judgment and orders a *venire facias de novo,* and the defendant in error pays the costs on such reversal, in order to take down the record to the common pleas, where he again obtains judgment, he may afterwards maintain *assumpsit* against the plaintiff in error to recover back the costs so paid by him.

ERROR to the common pleas of *Alleghany* county.

In a suit in the common pleas, in which William Aslin was plaintiff, and Samuel Hamilton, the plaintiff in error, was defendant, Aslin recovered judgment.    Hamilton took out a writ of error to the supreme court, by whom the judgment was reversed, and a *venire de novo* awarded.    Aslin paid the costs incurred in the supreme court, and took down the record to the common pleas, where the cause was again tried, and a verdict and judgment rendered in his favour.    The present suit in *assumpsit* was brought by him to recover the costs he had paid in the supreme court.    The court below charged the jury that he was entitled to recover.    To this charge error was assigned.

[Hamilton v. Aslin.]

*Fetterman,* for plaintiff in error, cited Lyon *v.* M'Manus, 4 *Binn.* 172; Work et al. *v.* Lessee of Maclay, 14 *Serg. & Rawle* 265; Wright et al. *v.* Lessee of Small, 5 *Binn.* 204.

*Burke,* for defendant in error, referred to the case of Kennedy *v.* Hughey, decided at the present term—*vide infra.*

PER CURIAM.—The general principle is that the law does not imply an *assumpsit* for a voluntary service; but if the performance of it has been extorted by compulsion of law, a precedent request by the party served is unnecessary. And the principle holds, though there were no legal obligation binding the plaintiff's person, the instrument of compulsion being the jeopardy of his property or his rights, as where he pays rent for another, in order to release his own goods from a distress. How was it here? As each party is to pay his own costs on the reversal of a judgment, those paid by the plaintiff were incurred by the defendant on his writ of error. The prothonotary had a lien on the record for his costs; and without carrying it down, the plaintiff could not proceed to trial pursuant to the award of a *venire de novo.* What then was he to do? If he did not pay the costs himself, it is certain his antagonist would not pay them, as long as retention of the record in the supreme court should suspend a further prosecution of the action; and the plaintiff could not compel the prothonotary to sue for them, or to authorize a suit to be brought in his own name. He had no choice, therefore, but to pay himself, and charge the defendant in a separate action.

Judgment affirmed.