# Richardson *against* Cassilly.

|  |  |
|---|---|
| A bill of cost becomes evidence to charge a party, only when it is regularly taxed by the proper officer.   Taxation is in the nature of an adjudication by the court. | 5 W   449  <br> 28 SC 101 |

A defendant in error, upon the reversal of the judgment, and payment by him of the costs of the supreme court, in order to possess himself of an award attached to the record which he could have obtained otherwise, cannot recover them from the other party by action.   Such a payment is voluntary.

ERROR to the common pleas of *Alleghany* county.

In a suit pending between Patrick Cassilly and William Richardson, the parties, by parol, agreed to refer it; the referees made a report for the plaintiff for 25 dollars and costs of the suit. This award the plaintiff entered and issued an execution upon it. Upon a writ of error by the defendant,* the judgment was reversed. The defendant in error, Cassilly, paid the costs in the supreme court, and brought the record down in order to get his award, to enforce it; and he brought this action of assumpsit, to recover the costs which had accrued in the first suit, and the costs which he paid to obtain the record in the supreme court.   As evidence of the costs

* See Richardson *v.* Cassilly, 3 *Watts* 320.

v.—3 G

[Richardson v. Cassilly.]

of suit, the plaintiff offered a bill regularly made out and filed in the prothonotary's office, but which had not been regularly taxed, it contained also receipts of some of the witnesses. This was objected to as not being primary evidence, but the court overruled the objection and sealed a bill of exceptions. The court instructed the jury that the plaintiff was entitled to recover the costs of the supreme court paid by him. Defendant excepted to the charge.

*Fetterman*, for plaintiff in error.
*Metcalf*, for defendant in error.

PER CURIAM.—A bill of costs is evidence to charge a party with a debt, only because the act of taxation is in the nature of an adjudication. Though it be the immediate act of the officer, it is in contemplation of law, the act of the court; and it is even its immediate act, when an appeal has been taken. What, then, is legitimate evidence of taxation? Not an endorsement to denote that the paper was filed—for that is a matter of course in all cases—nor yet testimony by one in the service of the prothonotary, that it is the practice of the office not to issue execution for costs without previous taxation, where the bill does not exceed a certain sum, in order to raise an inference of taxation, from the fact of execution. To say nothing of the gross irregularity of such a practice, it is enough that our adjudications are not to rest on inference or parol. The usual memorandum of taxation ought to appear at the foot of the bills, without which the fact is not to be intended. Then as to the charge.

The plaintiff certainly had no title to recover the supreme court costs by the terms of the award. But it is supposed that he was compelled to pay them by the necessities of his position, and that he may therefore recover them as so much paid to the defendant's use. The prothonotary had a lien on the record; but the plaintiff had not, as in Hamilton *v.* Aslin, 3 *Watts* 222, a special object to accomplish in carrying it down. Had he desired to have his award again, in order to enforce it by action, it would have been detached and delivered to him; or its production might have been enforced by subpœna directed to the officer. In any event it would have been as accessible in the supreme court, as in the court below; and the payment was therefore merely voluntary.

Judgment reversed, and a *venire de novo* awarded.