MANN and another vs. THE ÆTNA INSURANCE COMPANY.

CAUSE OF ACTION. *Action for money paid on judgment afterwards vacated.* (1) *By whom to be brought. Real and nominal parties.* (2) *Question of voluntary payment.* (3) *When cause of action accrues; statute of limitations.*

1. The *real* defendant who pays a judgment against a nominal party, afterwards vacated, may recover *in his own name* the money so paid.
2. Plaintiffs covenanted with A., S. & Co., for value, to discharge all indebtedness and liabilities of the latter firm, indemnify it against an action by the present defendant against it then pending in New York, and pay any judgment which should be rendered against it therein. On a judgment rendered against A., S. & Co., in that action, this defendant recovered a judgment in Wisconsin against that firm, which was paid by plaintiffs, but afterwards vacated on their motion, for the reason that the New York judgment had been reversed. *Held*, that such payment by plaintiffs was not a *voluntary* one, but one to which they were *bound by their covenant;* and they may recover from this defendant the amount so paid.
3. This action for such recovery was commenced more than six years after payment by plaintiffs of said Wisconsin judgment, but less than six years after the reversal of the New York judgment. *Held*, that it was *not barred* by the statute, the cause of action not having accrued until such reversal.

APPEAL from the County Court of *Milwaukee* County.

This was an action to recover the amount of a judgment which had been rendered in said county court in 1865, in favor

of *The Ætna Insurance Company* against William Aldrich and others (constituting the firm of Aldrich, Smith & Co.), and had been paid by the present plaintiffs. The essential facts alleged in the complaint are stated in the preceding case of *The Ætna Insurance Company v. Aldrich and others, ante,* p. 107. The defendant demurred to the complaint as not stating a cause of action, and as showing a want of jurisdiction in the court; and it appealed from an order overruling the demurrer.

*Finches, Lynde & Miller,* for appellant:

1. The complaint clearly shows a voluntary payment of the money, with full knowledge of all the facts. The law is clear that such a payment cannot be recovered back. *Railroad Co. v. Soutter,* 13 Wall., 527; *Town of Ligonier v. Ackerman,* 46 Ind., 552; *Hill v. Green,* 4 Pick., 114; *Parsons v. Gloucester Bank,* 10 id., 533; *Clarke v. Dutcher,* 9 Cow., 674; *Mowatt v. Wright,* 1 Wend., 355; *Silliman v. Wing,* 7 Hill, 159; *Supervisors v. Briggs,* 2 Denio, 26; *Vest v. Weir,* 4 Blackf., 135. 2. The county court had no jurisdiction to vacate the judgment against Aldrich, Smith & Co., on the petition of *Henry Mann* and *Joseph Mann.* The members of the firm of Aldrich, Smith & Co., against whom the judgment was rendered, were the only proper parties to move to vacate it; and the judgment is still as effectual against them as when rendered. Freeman on Judgments, § 91; *Packard v. Smith,* 9 Wis., 184; *Drexel's Appeal,* 6 Barr, 274; *Beard v. Ketchum,* 8 Upper Canada, 2 Q. B., 523. 3. Aldrich, Smith & Co. could have obtained an order staying proceedings in the county court until the hearing of the writ of error in the United States supreme court. This not having been done, it is now too late to move to vacate the judgment. *Parmalee v. Wheeler,* 32 Wis., 429; *Avery v. United States,* 12 Wall., 304. 4. It appears upon the face of the complaint that the action is barred by the statute of limitations.

*Jenkins, Elliott & Winkler,* for respondents:

1. The reversal of a judgment restores the parties to their former

Mann and another vs. The Ætna Insurance Company.

condition; the appellant is entitled to restitution of every thing received from him by virtue thereof, and he may recover it back by action. *Raun v. Reynolds*, 18 Cal., 275; *Clark v. Pinney*, 6 Cow., 297. 2. These respondents were legally bound to pay the judgment against Aldrich, Smith & Co., who were the *nominal*, while respondents were the *real*, defendants; and if Aldrich, Smith & Co. had paid the judgment, they could have recovered the amount of the respondents. *Maghee v. Kellogy*, 24 Wend., 32; *Stevens v. Fitch*, 11 Met., 248. 3. The appellant had authority to seize upon the property of those whom the respondents were legally bound to protect, and the payment of a judgment by one bound to pay it, cannot be voluntary. *Clinton v. Strong*, 9 Johns., 370; *Maxwell v. Griswold*, 10 How. (U. S.), 242. 4. There is no ground for imputing laches. The right to recover depends upon facts arising *since* the judgment, and that right cannot be avoided by laches prior thereto. *Raun v. Reynolds*, 18 Cal., 290. 5. The defendant is a foreign corporation, and cannot avail itself of the statute of limitations. Besides, the right of action accrued only upon the reversal of the judgment, and within six years prior to this action. *Jones v. Billstein*, 28 Wis., 221; *Crocker v. Clements*, 23 Ala., 296; Angell on Lim., § 42.

COLE, J. The position was not seriously questioned on the argument, that money paid upon a judgment which was subsequently reversed for error, may be recovered back in an action for money had and received to the use of the party paying it. Doubts have been expressed as to what was the proper remedy in such a case, but none that we are aware of as to the right of the party paying the money to have restitution made in some form. *Clark v. Pinney*, 6 Cow., 297; *Maghee v. Kellogg*, 24 Wend., 32. The learned counsel for the defendant does not controvert the general proposition, but he insists that upon the facts set forth in the complaint the plaintiffs are not entitled to the benefit of the rule.

It is said the plaintiffs were not parties to the action brought

Mann and another vs. The Ætna Insurance Company.

by the defendant against Aldrich, Smith & Co., in the county court, and that they voluntarily paid the judgment recovered in that cause, with a full knowledge of all the facts, and ought not, therefore, to be allowed to recover it back. It seems to us the question whether the payment by the plaintiffs was voluntary or not, depends materially on the conditions of the bond which they had executed to the defendants in that action. The plaintiffs had acquired the interest of the defendants in the action while the suit was pending in the courts of New York, and had executed a bond conditioned to pay and discharge all the indebtedness and liability of the firm of Aldrich, Smith & Co., and had especially undertaken and agreed to indemnify and save them harmless against all suits and actions mentioned in the obligation, and to pay and discharge all such judgments as should be rendered against them in said actions. Thus the plaintiffs assumed all the responsibility of the cause in litigation, became the real parties in interest, and entered into an express covenant to pay all damages and costs which might be recovered against the defendants in those actions. Now when judgment was recovered in the county court against Aldrich, Smith & Co., the plaintiffs were primarily bound to pay and discharge it; and a failure to do so would have constituted a plain violation of their bond. We do not think the payment of the judgment under such circumstances was a voluntary payment within the meaning of the rule of law relied upon by counsel. For, though the plaintiffs were not named parties to the record, still they were the parties in interest, who were really affected by the judgment, and stood in such relation to it that they were entitled to move to have it set aside. *The Ætna Ins. Co. v. Aldrich and others, ante*, p. 107. Consequently, payment of the judgment by them, in view of their covenant, should be treated as a payment by the defendants of record. The real defendant who pays a judgment recovered against a nominal party, which is afterwards vacated, may maintain an action in his own name to recover back the money so paid.

See *Stevens v. Fitch*, 11 Met., 248. And in *Maghee v. Kellogg*, *supra*, an action was sustained against the real and not the nominal plaintiff in the suit in which the judgment was subsequently reversed. The principle of these decisions is applicable here. The plaintiffs assumed the burdens of the litigation against Aldrich, Smith & Co.; they were bound to pay the judgment recovered, as they did do; and common justice requires that they be regarded as the real parties to the action. This being so, they are entitled to the benefit of the rule that money paid on a judgment that is afterwards reversed or vacated, may be recovered back. *Sturgis v. Allis*, 10 Wend., 354; *Hamilton v. Aslin*, 3 Watts, 222; *Duncan v. Kirkpatrick*, 13 Serg. & R., 292; *Raun v. Reynolds*, 18 Cal., 275.

It is further claimed that the words of the bond, "*suits and actions hereinbefore recited*," referred only to such suits as were then pending in the courts of New York, and did not apply to an action subsequently commenced in the courts of this state. We are unable to concur in this construction of the language of the bond. We have no doubt that it applies to a judgment recovered in this state on the judgment recovered in New York. Suppose the judgment of the superior court of Buffalo had been sued over in the courts of that state. Could it be fairly insisted that the plaintiffs were not under a legal obligation to pay and discharge the judgment recovered in the supposed action? It is said that the plaintiffs were sureties, and have the right to stand upon the strict letter of the bond. We think they did not hold the relation of sureties, as between themselves and Aldrich, Smith & Co., but that they were the parties primarily liable to pay any judgment recovered in the action to which the indemnifying bond referred.

The further point is taken, that the statute of limitations has run against the action to recover back the money paid upon the judgment. This position we deem untenable. True, the complaint states that the judgment of the county court was paid on the 18th of April, 1865; but the statute of limitations

did not begin to run until the subsequent reversal of the New York judgment by the supreme court of the United States. For, until that reversal, the plaintiffs had no right to bring an action to recover the money paid. *Crocker v. Clements*, 23 Ala., 296; *Jones v. Billstein*, 28 Wis., 221.

*By the Court.* — The order of the county court overruling the demurrer to the complaint is affirmed.