MANN and another vs. THE ÆTNA INSURANCE COMPANY.

40    553
59 LRA  '92n

VARIANCE: PARTNERSHIP: BONDS. *(1) Variance between pleadings and proof as to bonds not sued upon. (2) Bond in firm name, signed by one partner; when firm bound. (3) Bond to pay firm debts, running to single partner.*

1. Where the complaint states a cause of action to recover the amount paid defendant by plaintiffs on a judgment against a third party, which

plaintiffs, by the alleged terms of their bonds to such party, were bound to pay, but which was afterwards reversed (38 Wis., 107, 114), no *variance* in the proof as to the form of such bonds will affect plaintiff's right to recover, unless it shows that they were not in fact under obligation to pay such judgment.

2. A firm in whose name bonds have been executed by one member thereof may treat them as valid obligations (as in this case by paying a subsequent judgment which the terms of the instruments bind it to pay); and if it has received the consideration for which the bonds were given, it will not be heard to deny their validity.

3. A bond for the payment of "all the indebtedness and liabilities * * due or to become due, of and against" certain named persons as late copartners, bound the obligors to pay a judgment recovered against said former copartners growing out of partnership transactions, although *only one of them was named as obligee* in such bond, and although there were *additional* covenants which alone might not have bound the obligors to such payment.

APPEAL from the County Court of *Milwaukee* County.

The pleadings in this cause, and its history to the time of trial, sufficiently appear in the reports of the decisions on two former appeals, found in 38 Wis., 107 and 114.

On the trial, the plaintiffs read in evidence three bonds like those described in the complaint, except that the firm of Aldrich, Smith & Co. was not named as obligee in either of said bonds, as alleged in the complaint; but in one of them Wm. Aldrich, in another Wm. Aldrich and James F. Aldrich, and in the third Martin B. Medbury, were so named. All of said obligees were partners in said firm.

It seems that the bonds were, or one of them at least was, signed by the plaintiff *Henry Mann*, and instead of being signed individually by *Joseph* and Hermann Mann, were signed "Mann Brothers" by one of that firm. Objection was made on behalf of the defendant to the admission of the bonds in evidence, because of such variances, and overruled by the court. In all other respects the material allegations of the complaint were proved on the trial. The plaintiff *Henry Mann* was permitted to testify, against defendant's objection,

that *Joseph Mann* purchased the business of Aldrich, Smith & Co. for and on account of the firm of Mann Brothers, which firm received the property so purchased into its possession; that the purchase included the "Stella;" and that the money to recover which this action was brought, was the money of Mann Brothers. The counsel for the defendant thereupon moved the court to strike out of the evidence the three bonds and the testimony of *Henry Mann*, and filed an affidavit in support of his motion, to the effect that he was misled to his prejudice by the admission of such evidence, and was not then prepared to draw such an answer as would be required to meet a complaint in which the bonds should be correctly described. The motion was denied, as was also a motion for a nonsuit.

The judge directed the jury to return a verdict for the plaintiffs for the sum paid the defendant by Mann Brothers in 1865 on account of the judgment recovered by it in 1862 in the Milwaukee county court against Aldrich, Smith & Co., and interest thereon from the time of such payment. A motion for a new trial was denied, and judgment entered on the verdict; and defendant appealed from the judgment.

The brief for the appellant is signed by *Finches, Lynde & Miller*, and that for the respondents by *Jenkins, Elliott & Winkler*. The cause was argued orally by *H. M. Finch* for the appellant, and *F. C. Winkler* for the respondents.

To the point that the variance between the bonds produced in evidence and those alleged in the complaint was material, appellant's counsel cited 20 Ohio St., 141; 10 id., 621; 6 Bush, 97; 31 Md., 155; 4 Mo., 477; 49 Cal., 350; *Lawrence v. McCready*, 6 Bosw., 342. They also argued that as one partner has no authority to execute a sealed instrument in the firm name, the bonds so signed were only the individual obligation of the person who affixed such signature; and that parol evidence was inadmissible to vary the terms of the bonds.

For the respondents it was argued, that there was no material variance between the complaint and the evidence in re-

spect to the bonds; the issue being merely whether plaintiffs were bound to pay the judgment against Aldrich, Smith & Co., and the bonds produced in evidence being sufficient to show that plaintiffs were so bound.

LYON, J.   It was settled by this court in its decision on one of the former appeals (38 Wis., 114), that the complaint states a cause of action in favor of the plaintiffs and against the defendant for the moneys paid by the former on account of the judgment recovered by the defendant in the Milwaukee county court in 1862, against Aldrich, Smith & Co.   Hence, had all of the material averments of the complaint been proved as made, there could be no doubt of the plaintiffs' right to the judgment which they recovered in this action.

The only question to be determined is, therefore, whether the variance between the bonds described in the complaint and those read in evidence is fatal to such right of recovery under the present pleadings.   It is believed that the determination of this question will dispose of all the exceptions in the case and all the errors assigned by the appellant.

The bonds do not seem to have been executed individually by but one of the firm of Mann Brothers, but only in the name of the firm.   Whatever objection might have been made by the partners not executing the bonds in their individual capacity, to the form of execution, in case the action were against them on the bonds, there is no doubt of the right of the firm in whose name and for whose benefit they were executed, to treat them as valid and binding obligations against it.   And the firm did so by paying the judgment recovered against Aldrich, Smith & Co. in the Milwaukee county court. Moreover, the firm having received the consideration for which the bonds were given, will not be heard to deny their validity. For these reasons, we think the objection to the validity of the bonds because of the fact that each member of the firm did not execute them individually, is not available to the defendant.

These bonds are mentioned in the complaint for the purpose of showing that Mann Brothers were under legal obligation to pay the judgment recovered against Aldrich, Smith & Co. This action is not upon the bonds, but they are only referred to as matter of inducement to the cause of action, which is to recover back the money paid on that judgment by Mann Brothers. The form of the bonds can be of no importance to the defendant, which is only concerned to know that by virtue of them the payment of the judgment by Mann Brothers was not a mere voluntary payment made without legal obligation or authority.

Each member of a firm is liable for all of the debts of such firm; and the bonds read in evidence, although not executed to all of the members of the firm of Aldrich, Smith & Co., bound or authorized Mann Brothers to pay the Milwaukee judgment, just as effectually as though the firm, or all of its members, were named as obligees.

We conclude, therefore, that the alleged variances could not possibly prejudice the defendant, and do not in any manner affect the plaintiff's right to recover in this action, and hence, that they are entirely immaterial and were properly disregarded by the county court. Moreover, if the covenant of the plaintiffs is merely to save Aldrich, Smith & Co., or some member of that firm, harmless from the debts and liabilities of the firm, we are not prepared to say that under such a covenant the payment of the Milwaukee judgment by the plaintiffs was a mere voluntary payment.

We reach these conclusions more readily because the record shows that the money paid the defendant on the judgment against Aldrich, Smith & Co., ought in justice and equity to be repaid to the plaintiffs, and that the moral, if not the legal duty to repay it was made apparent by the decision of the supreme court of the United States, made as early as 1869.

*By the Court.* — Judgment affirmed.

On the appellant's motion for a rehearing, his counsel argued that every payment made by one who, though he may *suppose* himself to be under a legal obligation to pay, is in fact under no such obligation, is a *voluntary* payment (*Parsons v. Gloucester Bank*, 10 Pick., 534; *Clark v. Dutcher*, 9 Cow., 674; *Town of Ligonier v. Ackermann*, 46 Ind., 559); and they insisted that the bonds put in evidence did not show any legal liability of the plaintiffs to pay the judgment against Aldrich, Smith & Co., citing *Thompson v. Taylor*, 30 Wis., 73.

LYON, J. The argument of the learned counsel for the appellant in support of the motion for a reärgument is able and earnest. We have carefully considered it, but it fails to convince us that we ought to grant the motion. The position that the payment of the Milwaukee judgment by Mann Brothers was a mere voluntary payment, and hence that they could not recover back the money so paid, was fairly presented by the former appeals (38 Wis., 107, 114), and ruled adversely to the appellant. Such ruling is *res adjudicata* in the case.

Further deliberation has confirmed us in the opinion that the variances between the bonds described in the complaint and those read in evidence on the trial, are quite immaterial. It is believed that none of the cases cited in the former or present argument hold otherwise. The cases are to the effect that in an action on a contract, the contract must be proved as alleged. The distinction between those cases and this case was pointed out in the former opinion.

In the last decision of this case, it was not held that the payment of the Milwaukee judgment by Mann Brothers would not have been a mere voluntary payment, even though the only conditions of the bonds were to save harmless members of the firm of Aldrich, Smith & Co. from the debts or liabilities of that firm. It was only said in the opinion that we were not prepared to hold the contrary doctrine. We did not then, and do not now, deem it necessary to decide the ques-

tion, for the reason (which ought to have been stated in the opinion, but was inadvertently omitted therefrom) that the bonds were not merely to save harmless, but, in addition to covenants to do so, each contains the following condition:

" The condition of the above obligation is such, that if the above bounden *Joseph Mann*, *Henry Mann* and Hermann Mann, or either of them, their or either of their heirs, executors or administrators, shall well and truly *pay*, *cancel and discharge*, or cause to be paid, cancelled and discharged, within a reasonable time after the date hereof, all the indebtedness and liabilities of every name and kind or description whatsoever, and remaining unpaid at the date hereof, due or to become due, of and against William Aldrich, James F. Aldrich, Hezekiah H. Smith, Martin B. Medbury and John H. Medbury, some or all of them, as late copartners in trade at the village of Two Rivers, state of Wisconsin, under and in the firm name and style of Aldrich, Smith & Co.,     *     *     the above obligation to be void."

It is quite true that the above condition is followed by others " to keep and save harmless " only, but these were evidently inserted *ex abundanti cautela*, and do not operate to restrict or limit the effect of the former condition.

*By the Court.*—Motion denied.