The Supreme Court reversed the • decision of the coúrt below on April 4, 1881, in the following opinion by
Gordon, J.
The money for distribution, prima facie, was properly awarded to the Ranck & Co. judgment, for their fieri facias, was first issued and levied on the goods, from the gale of which the money in controversy was made.
But the appellants proposed to defeat this prima facie presumption by showing that the Ranck & Co. judgment had been paid. The auditor, however, after hearing 'the evidence of the contestants, decided in favor of Ranck & Co. Were there nothing more than this, it is probable that this case would not have been brought to this court, or if it had been so brought, would require nothing at our hands but affirmance. But there is something more ; during the time the matter was pending before the auditor, the appellants petitioned the court for an issue. This petition was in regular form, properly verified, and set forth as follows : “That the petitioner is informed, and believes that the same be *74 true, and so says, that the said judgment of J. W. Ranck & Co., on which a fieri facias was issued before the sale of the said personal property of the said defendants, and prior to the said fieri facias issued upon the said judgments of Jacob Reigel & Co., trustee, was at the time of the said sale of the property, aforesaid, from which the proceeds in court for distribution arose, paid off and satisfied to within about one hundred dollars, by payments made prior to said sale, by the defendants, to said J. W. Ranck" & Co., which said payments the said J. W. Ranck & Go. refuse to allow.
This petition the court dismissed and refused an issue. This was error; an issue when properly demanded, is of right, not of grace. The language of the 87th Section of the Act of June, 1836, P. Laws 777, is imperative. “If any act connected with such distribution be in dispute, the court shall, at the request in writing of any person interested, direct an issue to try the same.” And in Souder’s Appeal, 7 P. F. S. 498, it was said (per Agnew, J.) “an issue under the Act of 1836 and its prototype of 1827, is demandable of right, as numerous authorities declare. In Trimble’s Appeal, 6 Watts 133, the demand was held to be in time, when made after the evidence was in, the argument closed; and when the court was about to pronounce its decision.”
In the case in hand, the application was certainly in time, for it was made before the auditor filed his report. It was also regular, forasmuch as it set forth a casé proper for trial by jury, and it was properly vouched, it ought therefore to have been granted.
The decree of the court below refusing the issue prayed for, and confirming the auditors report, is reversed and set aside at the cost of the appellees and a procedendo is awarded.
This issue was tried after the record was sent back and verdict of the jury in the feigned issue was in favor of Reigel & Co. Pending a motion for new trial, Reigel & Co. issued execution for the costs, against Ranck & Co. Ranck & Co. paid these costs into court and took a rule to quash the execution. The court made the rule absolute on December 5, 1881, in the following opinion by
*75 ■Walker, J.
This writ was issued upon a judgment obtained in a feigned issue to No. 290 May term, 1881, ordered by the court to ascei’tain the amount of money due the defendants upon a judgment which they held against Geo. W. Beck and Brother, and upon which verdict there is now a motion for a new trial pending.
The record shows that Ranck & Co. obtained a judgment against Beck & Bro., and on Sept. 19, 1878, issued a fi.fa. No. 85, Dec. T., 1878, which by a rule to open the judgment was stayed until Nov. 24,1879, when said rule was discharged. Jacob Riegel & Co., upon two judgments against Beck & Bro., issued execution to Nos. 153 and 154 July T., 1879. The Sheriff, by virtue of these three writs, levied upon and sold the personal property of Beck & Bro., and paid into court the proceeds, less his costs, amounting to $1,421.22, whereupon an auditor was appointed to distribute the fund. During the hearing before the auditor and before the report was finished Reigel & Co. asked that an issue be certified to the court to ascertain how much of the judgment of J. W. Ranck & Co. had been paid and satisfied ; which said application was duly presented to the court on January 14, 1880. In an opinion filed February 2, 1880, this application was refused and the money was awarded to the judgment of J. W. Ranck & Co.
To this refusal of the court to grant an issue Riegel & Co. took an appeal alleging that the court erred in denying the issue prayed for. The Supreme Court in an opinion filed April 4, 1881, sustain the appeal and reverse the decree of this court at the cost of Ranck & Co., appellees and award a procedendo. In accordance-with this we directed a feigned issue, No. 290, May Term, 1881, making Riegel & Co. Trustees, plaintiffs, and Ranck & Co. defendants to ascertain how much pf Ranck & Co.’s judgment had been paid. The cause was tried on Sept. 24, 1881, and a verdict was rendered for $186.81 in favor of the plaintiff. A motion to. set aside this verdict and for a new trial is now pending and has not yot been argued. On Oct. 17, 1881, Riegel & Co. issued a writ of testatum fi. fa. for all the costs of suit; and on Oct. 25, 1881, Ranck & Co. paid into the Prothonotary’s office the Supreme Court costs of $19 marked on the remittitur.
*76 This rule is npw to quash the writ on the ground.
1st. That the execution does not follow the judgment but is issued in the matter of the appeal of Riegel & Co.
2nd. That no execution can issue for costs until final judgment, unless it be for those accruing upon the appeal in the Supreme Court.'
3rd. That no execution can issue for costs until they are taxed.
4th. That no execution can be issued in civil cases until the jury fee is paid.
5th. That no execution can be had for costs in a feigned issue unless ordered by the Court.
1st. The execution must follow thé judgment. This is undoubtedly the law. Kneib vs. Graves, 22 Sm. 104. Sheckert vs. Ellis, 2 Miles 433. Reed vs. Martel, 3 Johns 423. Watson vs. Fuller, 6 Johns 282. French vs. Eaton, 15 N. Hamp. 337. Cushman vs. Carpenter, 8 Cush. 388. Breidenthal vs. McKenna, 2 Harris 160. Bressler vs. Miller, 1 Leg. Chron. 127. But if issued by mistake in another ease it can be amended under the statute. Act March 21, 1806, 4 Sm. L 329. Purd. Dig. 92 Pl. 1. Sweeney vs. Delany, 1 Barr 320. Ihmsen vs. Navigation Co., 3 C. 267. Brickway’s case 30 Sm. 65. Horboch vs. Knox, 6 Barr 377. P. R. R. Co. vs. Bunnell, 31 Sm. 419. Beck’s Estate, 5 W. Notes 274. Graham vs. Furey, 6 W. Notes 56. Herring vs. Reede, 7 W. Notes 522. Swatara Association vs. Foley, 2 Pearson 265
2nd. As to when and for what costs execution may issue. As a rule all costs must abide the event of the suit. But where the Supreme Court reverses a judgment and awards a venire facias de novo it has a right to impose terms as to costs. Work vs. Maclay, 14 S. & R. 265. And where a judgment on an issue devisavit vel non is reversed this includes only the costs in the Common Pleas and on error and not costs arising before the register. McMaster vs. Blair, 7 Cas. 467.
In this case the Supreme Court reversed this court at the costs of the appellees and awarded a procedendo. What costs then may be collected on this state of facts before the feigned issue is determined ? Certainly not the costs of the suit. Ic must then only be the costs which were incurred in the Supreme Court amounting to $19, and which have already been paid on Oct. 25, 1881.
*77 3rd. As to the taxation of costs. The practice in this court has always been, upon filing a bill of costs verified by affidavit to have execution for the collection thereof without previous adjudication and such has been the rule of practice in the District Court of Philadelphia. Hart vs. Dickerson, 1 Troubat 1 Haley 764. In Harger vs. Commissioners, 2 Jones 251, the Supreme Court hold that ay?, fa. issued before taxation of costs is irregular until the same be in some way definitely ascertained. Taxation is in the nature of an adjudication by the court. Richardson vs. Casilly, 5 Watts 449. The merits of the case do not require a decision of this point, for the real question in our view turns upon other points and therefore with regard to this we express no opinion.
4th. As to the payment of the jury fee. The 59 Rule ot Court provides that no execution shall be issued on any verdict in a civil action until the successful party shall pay the four dollars required to be paid for the use of the county.
5th. As to issuing execution for costs in a feigned issue. It has been repeatedly decided that the disposition of costs in a feigned issue is wholly within the discretion of the Court and that no execution can be issued for the collection of the same without the permission of Court. Therefore if the execution be issued for all the costs of suit it must be set aside. If issued for costs wholly upon the remittur, then we think the execution is proper, for it was the duty of the appellees to pay the Supreme Court costs when ordered to do so, and upon failure they might fi>e collected by legal process. As all the costs have been paid into court, it is ordered that the money be refunded to Ranck & Co. less the costs upon the remittitur and the costs of the testatum fi. fa. and that the rule in this case be made absolute.