# Kottcamp, Appellant, *v.* York County (No. 2).

*Constables—Fees—Taxation of fees—Res adjudicata.*

The taxation of costs is in the nature of an adjudication, which though it be the immediate act of the officer, is in contemplation of law the act of the court.

Where a constable has taxed his costs in the court of quarter sessions, for services rendered in that court, he cannot subsequently maintain a suit against the county in the common pleas for a larger sum.

Argued March 14, 1905.  Appeal, No. 19, March T., 1905, by plaintiff, from judgment of C. P. York Co., Jan. T., 1904, No. 79, for defendant on case stated in suit of Fred. W. Kottcamp v. York County.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Case stated to determine liability of county for constable's fee.  Before STEWART, J.

The court entered judgment for plaintiff in a sum much less than the amount claimed.

*Error assigned.* was the judgment of the court.

*Allen C. Wiest,* for appellant.—Even part payment made under a clear established agreement that it shall be in satisfaction of the entire debt, when unaccompanied by other circumstances, will not discharge the balance of the debt. Martin v. Frantz, 127 Pa. 389; Brockley v. Brockley, 122 Pa. 1; Mechanics' Bank v. Huston, 11 W. N. C. 389.

To constitute an accord and satisfaction, as applicable to this case, there must have been an agreement, either expressed or implied, between the plaintiff and the defendant, that the amount paid shall be in discharge or satisfaction of the entire amount due, there must have been a consideration for the agreement, and the agreement must have been executed by the payment of the money pursuant thereto: Hearn v. Kiehl, 38 Pa. 147; Girard Fire, etc., Ins. Co. v. Canan, 195 Pa. 589. The defendant cannot escape liability for the unpaid balance on the ground of estoppel: Hill v. Epley, 31 Pa. 331; Eldred v. Hazlett, 33 Pa. 307; Hays v. Hays, 179 Pa. 277; Silliman v. Whitmer, 11 Pa. Superior Ct. 243.

*E. D. Ziegler* for appellee.—The receipt given to the treasurer of the county for plaintiff's fees is prima facie evidence of a settlement and cannot be set aside, except for weighty reasons, such as fraud, accident or mistake, and such causes for disregarding it must be made to appear distinctly: Rhoad's Estate, 189 Pa. 460; MacDonald v. Piper, 193 Pa. 312.

OPINION BY RICE, P. J., April 17, 1905:

The plaintiff seeks to recover in an action of assumpsit the difference between the amount paid him by the county and the amount which he now claims that he was legally entitled to, for serving certain subpœnas issued out of the court of quarter sessions and the court of oyer and terminer and placed in his hands by the district attorney. The difference is solely as to the amount of the fee for service and travel, not as to the number of services made or miles traveled. The payments set up in discharge of the county's liability were made upon bills made out and sworn to by the plaintiff as just and true, and regularly taxed by the clerk of the court in the several cases in which the fees were earned, and the payments were for the full amounts thus claimed and taxed. No fraud, accident or mistake of fact is alleged. The taxation of costs is in the nature of an adjudication, which, though it be the immediate act of the officer, is in contemplation of law the act of the court: Richardson v. Cassilly, 5 Watts, 449. The plaintiff having settled with the county upon the basis of the taxation procured, or at least assented to, by him, is precluded from ignoring it and maintaining an action in another court for a larger sum.

Judgment affirmed.