## Phillips, Jr., v. Radio Anthracite, Inc.

*Frank P. Slattery, Jr.,* and *Anthony B. Dreier,* for plaintiff.

*B. R. Jones, Jr.,* and *Thomas Moore,* for defendant.

VALENTINE, P. J., for the court en banc, January 1949.—This is an appeal by defendant from the deci-

sion of the prothonotary of this county, refusing to tax costs against plaintiff.

Plaintiff sued to recover salary allegedly due from defendant. Upon the trial of the case, on December 9, 1947, plaintiff suffered a voluntary nonsuit. On January 2, 1948, defendant filed a bill of costs to which plaintiff filed exceptions. Upon hearing by the prothonotary of a rule to retax the costs, the bill of costs was sustained in part and dismissed in part. Both parties appealed. By decision of this court, through Judge Aponick, filed May 3, 1948, plaintiff's appeal was sustained and the appeal of defendant dismissed.

Plaintiff, on May 4, 1948, instituted a new action to July term, 1948, no. 381. On May 18, 1948, defendant filed an amended bill of costs, by which it was sought to overcome the infirmities in the first bill pointed out in Judge Aponick's opinion. Upon exceptions filed by plaintiff to the amended bill of costs, the prothonotary, on September 7, 1948, dismissed the amended bill on the theory that the matter was res adjudicata. Defendant's appeal from the action of the prothonotary is now before us for disposition.

The question presented is whether defendant had the right to file an amended bill of costs after the original bill of costs had been set aside by the court. Counsel for defendant frankly concedes that an exhaustive search has produced no decision in which this question has been determined.

Compensation of witnesses, for attendance at court, is regulated by statute. Following the entry of the voluntary nonsuit, a bill of costs was filed by defendant. The court determined that the bill of costs did not meet the requirements of the statute. Subsequent to the institution of a new action by plaintiff, defendant filed an amended bill of costs. Assuming that the duty of the prothonotary, with reference to the retaxation

of costs, was purely ministerial (see Konwicki et ux. v. Matter et al, 20 D. & C. 405), the taxation of costs is in the nature of an adjudication, which, though it be the immediate act of the officer, is in contemplation of law the act of the court: Kottcamp v. York County (No. 2), 28 Pa. Superior Ct. 100.

The present situation is no different than it would have been had the prothonotary stated that his duty in relation to the taxation of the costs had already been performed when he passed upon and considered the original bill of costs and the exceptions filed thereto.

The question presented is, may a litigant, who has filed a bill of costs, file an amended bill? If so, when and under what circumstances?

In the absence of any authority assisting in the answer to these questions, we conclude:

(a) That an amended bill of costs cannot be filed as a matter of right, but only by leave of court upon cause shown.

(b) That where, as here, an appeal from the action of the prothonotary has been taken, application for permission to file the amended bill should be made to the court (see Burnham v. Hays, 3 Cal. 115, 58 Am. Dec. 389; National Bank of Oxford v. School District of Colerain Twp., 25 Lanc. 117), preferably before the appeal has been disposed of.

(c) That the decision of the court, disposing of the appeal, was a final determination of liability of defendant for costs in the absence of an order of court permitting further action.

(d) That in the instant case the prothonotary was under no duty to retax the costs by reason of the filing of the amended bill.

Therefore the action of the prothonotary adjudging the amended bill of costs invalid is sustained, and the amended bill is stricken from the record.