## C. D. WOODWARD ET AL. V. STATE OF NEBRASKA, EX REL. WILLIAM THOMSSEN.

### FILED MAY 17, 1899. No. 10507.

1. **Payment of Costs:** WAIVER OF RIGHT TO APPEAL. The mere payment of the costs by an unsuccessful litigant is not a waiver of the right to appeal or prosecute error from the judgment rendered on the merits.

2. **Office and Officers:** OFFICIAL BONDS: APPROVAL. Under section 17, chapter 10, Compiled Statutes, the incumbent of a public office having public funds or property in his control, who is re-elected, shall not have his bond approved until he has produced and fully accounted for such funds and property.

3. ———: ———: ———. The provisions of said section 17 are mandatory, and are applicable to any person elected to the office of county treasurer as his own successor who has failed to account for or produce to the proper accounting officers all the public funds or property of which he had control.

4. **Mandamus:** JUDGMENT ON PLEADINGS. It is reversible error to grant a peremptory writ of mandamus upon the pleadings alone, and without the production of evidence, where a material averment in the application or petition for the writ is put in issue by the answer.

5. **Pleading:** CONCLUSIONS OF LAW. Mere conclusions of law in a pleading will be disregarded.

6. **Mandamus:** APPROVAL OF OFFICIAL BOND. Mandamus will not lie to compel the approval of an official bond when the application for the writ fails to show that the bond tendered was executed by sufficient competent sureties.

ERROR from the district court of Hall county. Tried below before THOMPSON, J. *Reversed.*

*W. S. Pearne,* County Attorney, *R. R. Horth, Charles G. Ryan,* and *Fred W. Ashton,* for plaintiffs in error,

*W. H. Thompson* and *O. A. Abbott,* contra.

NORVAL, J.

William Thomssen, the relator, instituted mandamus proceedings in the court below to compel the respondents, as members of the board of supervisors of Hall county, to approve his official bond as county treasurer of said county. An answer was filed to the application by all the respondents, except two, and the cause was submitted to the court, heard and decided upon said pleadings, a peremptory writ of mandamus was allowed and issued as prayed, and the costs, amounting to $3.60, were taxed against the respondents, which they subsequently paid.

Counsel for the relator strenuously insisted that the respondents, having voluntarily paid the costs adjudged against them by the district court, are thereby precluded from prosecuting this proceeding to have the judgment allowing the writ reviewed, and *Hamilton County v. Bailey*, 12 Neb. 57, and *Gray v. Smith*, 17 Neb. 682, are cited to sustain the argument. Those decisions are not in point here. They decide that where a litigant accepts the amount of his recovery, he thereby waives the right to have said judgment reviewed by appellate proceeding. Obviously it would be unjust to permit a party who has received the fruits of a judgment in his favor to prosecute error therefrom, for the acceptance of the benefits of the litigation is an affirmance of the regularity of the proceedings resulting in the judgment and a waiver of the right to prosecute appeal or error proceeding. The acceptance of the amount of a judgment, like the taking of a stay of execution or order of sale, is a waiver of all error in the proceedings. But the payment of the costs of a case by the party against whom the same were taxed does not have that effect. This judgment consists of two parts, one on the merits and the other for the costs. The payment and satisfaction of the latter is no bar to error proceeding to obtain the reversal of the order or judgment granting the peremptory writ. The

payment of the costs is not an affirmance of the validity of the other portion of the judgment. In Elliott, Appellate Procedure, section 152, it is said: "It is obvious that there is an essential difference between one who pays a judgment against him, and one who accepts payment of a sum awarded him by a judgment. Payment by a party against whom a judgment is rendered may often be necessary to protect his property from sacrifice, and what a party does to prevent the sacrifice of his property cannot, with any tinge of justice, be held to preclude him from assailing the judgment. Our cases holding the payment by the defendant does not estop him from prosecuting an appeal, rest on solid ground, and are sustained by the decisions of other courts." The doctrine embodied in the foregoing quotation has been recognized and applied by the courts in numerous cases. (*Kling v. Sejour*, 4 La. Ann. 128; *Armes v. Chappel*, 28 Ind. 469; *Belton v. Smith*, 45 Ind. 291; *Edwards v. Perkins*, 7 Ore. 149; *Hayes v. Nourse*, 107 N. Y. 577; *Chapman v. Sutton*, 68 Wis. 657; *Mann v. Ætna Ins. Co.*, 38 Wis. 114; *Watson v. Kane*, 31 Mich. 61; *Hartson v. Dale*, 9 Wash. 379.) If the payment of a judgment is no waiver of the right to review such judgment, the conclusion is irresistible that the payment of the costs adjudged against the respondents is not a bar to this appellate proceeding. (*State v. Hartland*, 32 N. W. Rep. [Ia.] 485.)

It is urged by respondents that the court erred in rendering judgment against them upon the pleadings and without evidence. The application and the answer constituted the entire pleadings. Certain averments of the petition were admitted by the answer and other allegations of the relator were denied by the respondents. No useful purpose can be subserved by setting out the entire pleadings, or in giving a synopsis of the several averments and admissions therein contained. For present purposes it is sufficient to say that it appears from the application for the writ that the relator, at the general election held in November, 1897, was elected county

treasurer of Hall county as his own immediate successor to said office for the term of two years commencing January, 1898; that the vote cast at such election was canvassed, and he was declared elected to said office for said term, and a certificate of election was issued to him; that thereafter, and within the time prescribed by law, he executed and delivered to the county a bond in due form in the sum of $150,000, signed by himself, as principal, and the Fidelity & Deposit Company of Maryland, as surety, and that afterward said bond was approved as to form, amount, and surety by the county attorney; that the bond was referred by the county board to the committee, which after due investigation reported the same back to the board for action. The application avers: "That the said board found, which is true, that said bond was in due form, was for the amount required by law, and that the surety thereon was sufficient and ample, and that the same was in every way in accordance with the laws of the said state, and so found; * * * that this complainant prior hereto, on the — day of ——, 1895, at a general election, was elected to the said office of county treasurer of said county and gave his bonds, qualified as such and entered upon his duties as such, and has held and conducted the said office since, and is now in possession thereof under the said last-named election, and has and had produced and accounted for all public funds and property received by him as such treasurer." The answer of the respondents contains, among other denials, the following: "Denies that he has produced and accounted for all public funds and property received by him as such treasurer." The answer also affirmatively alleges specific facts as constituting a failure of the relator to produce and account for certain of the moneys of the county which had come into his hands by virtue of his office; but these averments need not be given or summarized, or be further noticed.

The provision of law invoked by respondents is that part of section 17, chapter 10, Compiled Statutes, which

declares: "When the incumbent of an office is re-elected, or re-appointed, he shall qualify by taking the oath and giving the bond as above directed; but when such officer has had public funds or property in his control, his bond shall not be approved until he has produced and fully accounted for such funds and property." This expression of the legislative will is plain and free from ambiguity, and as only one meaning can be placed on the language employed by the lawgivers, no room is left for judicial interpretation. The statute means just what it says, namely, "when such officer has had public funds or property in his control, his bond shall not be approved until he has produced and fully accounted for such funds and property." The statute is mandatory in its requirements, and applies to a person elected to succeed himself as county treasurer who during his first term, or at the expiration thereof, has not accounted for or produced to the proper accounting officers all the public funds or property belonging to the county of which he had control. The petition having averred that the relator was elected county treasurer as his own immediate successor, it devolved upon him, by suitable averments in his application for the writ, to bring himself within the provisions of the section copied above. This the relator has attempted to do by the insertion in his application of the clause quoted above. Whether the allegation on that subject is the statement of an ultimate fact, or the mere conclusion of the pleader, no opinion is now expressed thereon, but for present purposes the averment will be regarded as sufficient. But such allegation was expressly put in issue by the answer of the respondents, and the cause having been decided by the trial court upon the pleadings alone, without the introduction of any evidence, the granting of the peremptory writ was clearly erroneous. The burden was upon the relator to establish that he had complied with the statute. A party is required to prove each material averment in his own pleading which is not admitted by the pleading of his adversary.

The judgment is wrong for another reason. The petition or application for the writ fails to state sufficient facts to entitle the relator to receive the relief demanded and granted. His bond must have been signed by a competent surety before the right to approval existed. The sole averment in the petition upon the subject is that the bond was duly signed by the relator as principal and the Fidelity & Deposit Company of Maryland as surety. It is conceded by relator's counsel that the allegation with such reference to the qualification of the surety is in the nature of a conclusion, but it is insisted by him that the remedy was by motion for a more specific statement. To this proposition we do not agree. Under the Code a pleading must state facts, and not mere conclusions of law. (*Rainbolt v. Strang*, 39 Neb. 339.) The conclusions of the pleader need not be assailed by motion, but advantage may be taken thereof at any time, and in testing the sufficiency of the pleading they must be disregarded. Section 9, chapter 10, of the Compiled Statutes provides that the official bonds of all county officers shall be executed by at least two sufficient sureties who are residents of the county in which the bond is given. The bond tendered by the relator, according to the averments of the petition, was not executed by a freeholder of Hall county, so that the relator has not complied with the said section of the statute. Evidently the relator relies upon the provisions of the act of the legislature of 1895, entitled "An act to facilitate the giving of bonds, undertakings, and recognizances, and to authorize the acceptance of certain corporations as surety thereon, and to repeal all acts and parts of acts in conflict herewith." (Session Laws 1895, p. 122, ch. 22.) Conceding for the purpose of present investigation only, without venturing an opinion upon the question, that said act so supersedes or modifies section 9 of chapter 10 of the Compiled Statutes as to authorize the execution of official bonds of county officers by foreign surety companies and to do away with resident freeholders signing the same,

still the petition is defective, in substance, in not showing that the Fidelity & Deposit Company of Maryland was empowered to transact business in Nebraska, or that such company had complied with the various requirements of said act of 1895, or that it was competent to sign relator's bond as surety. It follows that relator in his pleading did not show himself entitled to have his bond approved, and the court erred in commanding the respondents to approve the same. The judgment is accordingly

REVERSED.

HARRISON, C. J., not sitting.