STATE, EX REL. WILLIAM A. CLARK, APPELLEE, V. WIL-
LIAM VINNEDGE ET AL., APPELLANTS.

FILED JUNE 7, 1907. No. 14,888.

1. **County Treasurer: ACCOUNTING: COSTS.** While a county treasurer
   should be required to account for the full amount of interest
   due on taxes collected by him, the county commissioners should
   call to his attention his failure to do so if their refusal to settle
   with him is based on that ground, or pay the cost of legal pro-
   ceedings brought to compel an approval of his bond if such objec-
   tion is not disclosed before action brought to require acceptance
   and approval of his official bond for a second term of the office to
   which he has been elected.

2. **————: BOND: APPROVAL.** The bond of a county treasurer who has
   been elected to serve a second term should be approved by the
   board of county commissioners when he has accounted, or stands
   ready to account, for all funds collected by him during his first
   term, and mere irregularities in disbursing the funds in his hands
   during his first term is not a valid objection to his proposed set-
   tlement or to the approval of his bond for a second term, where
   such irregularities occur on the advice of the county attorney and
   do not in fact cause any loss to the county, or to any one inter-
   ested in the disbursement of the funds, and where the treasurer
   has acted in good faith in the discharge of the duties of his
   office; and especially is this true when it is apparent that the
   action of the board is based on the refusal of the treasurer to
   comply with an order of the board relating to the disposition of
   funds in his hands which contemplates an illegal disbursement
   thereof.

APPEAL from the district court for Loup county:
JAMES R. HANNA, JUDGE. *Affirmed as modified.*

*A. S. Moon,* for appellants.

*A. M. Robbins* and *C. I. Bragg,* contra.

DUFFIE, C.

William A. Clark, the relator, brought this action
against William Vinnedge, Charles W. Wright and H. E.
Carter, composing the board of county commissioners of
Loup county, to require them to approve his official bond

as treasurer of said county for the term commencing January, 1906. The record shows that Clark had served one term as treasurer and was reelected to the office at the fall election of 1905. During the January session of the board of county commissioners he filed with them a statement of the doings of his office covering the period from June 30, 1905, the date of his last settlement, to December 31, 1905, but no settlement with him was then entered upon by the county commissioners, the same being postponed from time to time at their request. It does not appear from the record that any full settlement has yet been made and entered of record by the county commissioners, and they have refused to approve his official bond, not on account of any defect in the form thereof or of want of qualification in the sureties thereon, but on account of a matter which we will now proceed to explain:

From the record in another case heretofore submitted to this court, in which the board of county commissioners sought a mandamus against Clark, it appears that he had made a *pro rata* division among the several funds in his charge of the interest received from depository banks, and that at a meeting of the commissioners held on August 21, 1905, the board adopted a resolution requiring him to credit the general fund of the county for 1905 with all the interest theretofore credited to the several funds from which it was derived. Instead of complying literally with this resolution, Clark credited the interest to the general fund of the county for the years in which it was collected, and used it to pay outstanding warrants drawn against the levy of such years. His action in this respect was approved by the district court, and on appeal taken by the commissioners the judgment of the district court was affirmed by this court. *State v. Clark, ante,* p. 263. After the board of commissioners had examined the statement filed by the relator, a motion was made to accept and approve the same and to approve his official bond for the ensuing term. Relating to the proceedings thereon H. E. Carter, one of the commissioners, testified as follows: "Q.

Now, Mr. Carter, please tell the court what the board did in regard to the settlement. A. I think we compared the duplicate receipts with the cash book. We even went so far as to consume some time in comparing the tax book with the receipts that had been issued, or the stubs or duplicates, for the purpose of determining whether the receipts had been issued for the correct amount as shown by the tax book itself. We examined all of the vouchers of the disbursement, the bank books for the purpose of determining the amount of money deposited, the other two members counted the cash—I believe I didn't take any part in that—we tried to examine all of the records that was necessary for the purpose of determining whether his recapitulation was correct or erroneous. Q. What did the board find, whether his account was correct or not? A. Found it correct. Q. Well, now, you may state why it was not approved? A. The reasons? Q. Yes, sir. A. After the examination was closed and the question was what, if anything, would be done with the bond, I made a motion that the board accept of the settlement and approve it, and accept and approve the official bond, Clark's official bond as county treasurer, and the other members of the board said there was a mandamus suit pending in court, and told me the nature and purport of it, and that, if this settlement was accepted and this bond approved, it would virtually result in their defeat in that suit, and practically admit that they had no cause of action in that suit. The other members of the board held that Clark had no right to take his fees out of the money as he collected it. I think these were the only two reasons that were presented to me why the bonds should not be approved. Q. Now, I will ask you whether there was any reason given by any member of the board why his settlement was not accepted and his bond approved that there was any shortage of his accounts that you had found in the examination? A. No, sir." The following question and answer also appear in his evidence: "Q. You may state what the members of the board said as to the nature

of the cause of action? A. The old board, some time in 1905, had made an order that the county treasurer should transfer certain moneys on hand that had been derived from interest on county deposits to the county general fund of 1905, or the special general fund, that they had drawn warrants to the full amount of that transfer, that Mr. Clark had failed or refused to make the transfer in compliance with their order, and the board had commenced proceedings in mandamus to compel him to comply with the terms of their order, and the other members of the board claimed that, if they accepted his settlement and approved of his official bond, it would be admitted that everything was correct, and that they would be defeated in that suit. I tried to explain my opinion to them, that it was simply a legal question to be presented to the court, but they took a different view, and consequently we didn't agree." The following appears from the evidence of the county clerk: "Q. Did you hear the reason given for disapproving the bond and the settlement? A. Yes, sir. Q. You may state what was said about that? A. I heard Vinnedge say that they would not accept the settlement for the reason that, if they done that, they would have to step down and out of court on the mandamus suit." Mrs. W. A. Clark, who was employed in the treasurer's office, testified as follows: "Vinnedge came in there and stood at the table right in front of me, and he says, 'Mrs. Clark, we can't accept Bill's settlement unless he transfers that money,' and he says, 'If we do, we might just as well step down and out of court, and if he does make that transfer then his settlement will be all right.'" To the same effect is the evidence of George Evans and of L. E. Mann.

In their answer to the alternative writ, some technical objections are made to the settlement proposed by the county treasurer. It is said, and the evidence shows, that in the collection of taxes, through oversight or mistake, Clark, in several cases, neglected to charge the full

amount of interest due, while in other cases the interest exceeded the amount which should be collected. It is also shown that that portion of the road tax paid in cash, as required by section 6073, Ann. St., was paid directly to the county commissioners, and the individual receipt of the commissioner receiving the tax taken, instead of requiring a regular order or warrant to issue in favor of the commissioner to whom such tax was paid. It is not claimed that the treasurer diverted or appropriated to his own use any of this road fund, but the objection is made that the manner of disbursing it was irregular. This may be, and probably is, true, as it is not a safe proceeding for the county treasurer to disburse the fund in his office except· upon orders or warrants regularly issued. But it can be said in explanation and excuse of the method adopted by Clark that it was done on the advice of the county attorney given to the board of county commissioners in the presence of Clark, and that he was in good faith acting on that advice and in supposed compliance with all legal requirements. The relator has been duly elected to the office of treasurer. He has tendered a good and sufficient bond. He has made what he claims to be a full report of the doings of his office since the date of his last settlement, and claims to have accounted for all funds in his hands. If these facts are established, he is entitled to an approval of his report and of the official bond tendered. This, while not decided, is clearly implied in *Woodward v. State,* 58 Neb. 598. In no other way can he retain the office to which he was reelected, or receive the benefits and emoluments pertaining thereto. It is the duty of the board, made· so by statute, to effect a settlement with him and to approve his bond, if, on a settlement, all funds in his hands have been accounted for. If there are objections to his report, if a claim is made that any funds are not properly accounted for, he is entitled to know it and to know the precise objection which the commissioners have to offer to the report which he has made. If, as is now claimed, he failed to collect the proper amount of interest,

that fact should have been disclosed to him in order that he might make good any shortage on that account. In no other matter, so far as we can see, can any objection be urged to the report made and to the settlement proposed by him. A careful examination of the record satisfies us that Clark has neither defaulted nor misapplied any of the funds coming to his hands; that some irregularities in his manner of disbursing the funds is the most that can be charged against him. No loss to the county, except for interest, is shown and no wilful misconduct in office is claimed. It is quite apparent that the refusal of the county board to approve his settlement and the bond tendered is not based on any substantial claim that Clark has failed in his duties as treasurer, or misappropriated any of the funds coming to his hands, and we are quite satisfied that, were it not for the mandamus action then pending in this court, a full and complete settlement would have been effected without dispute or difficulty, and his bond, to which no legal objection has been raised, promptly approved. Were it not that the record shows that Clark failed to collect the full amount of interest due upon some of the taxes for which receipts were issued, we would recommend an affirmance of the judgment. The county is entitled to all interest due upon delinquent taxes, and we do not feel justified in making any order that might be construed as barring the county from requiring Clark to account for all interest which should have been collected.

We therefore recommend that the judgment of the district court be so modified as to require the appellants to make a full and complete settlement with Clark, requiring him to account for all interest due upon the taxes collected, and which, through oversight or mistake, he failed to collect, and that when this is done his official bond may be approved. In view of the fact that no objection was made of a failure on the part of the relator to collect the full amount of interest until the trial of the case, we further recommend that all costs of the case be taxed to the appellants.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is so modified as to require the appellants to make a full and complete settlement with Clark, requiring him to account for all interest due upon the taxes collected, and which, through oversight or mistake, he failed to collect, and that when this is done his official bond may be approved; and that all costs of the case be taxed to the appellants, and as modified the judgment is affirmed.

JUDGMENT ACCORDINGLY.