MARGARET A. KASSEBAUM, APPELLEE, v. ROBERT LEE KASSEBAUM, APPELLANT.

135 N. W. 2d 704

Filed June 11, 1965.   No. 35921.

Thomas J. Gorham, for appellant.

Kier, Cobb & Luedtke and Janice L. Gradwohl, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

This is an appeal in a divorce action commenced in the district court for Lancaster County and transferred to the separate juvenile court. Prior to determination on the merits, there is a preliminary matter to dispose of.

The plaintiff filed a motion to dismiss the appeal upon the ground that the defendant had paid the court costs, attorneys' fees, and all amounts of child support required by the decree. He also had withdrawn from a joint savings and loan account of the parties, assigned to him individually by the decree, the sum of $200, after the entry of the decree. It is the contention of the plaintiff that these actions on the part of the defendant constitute acceptance of the fruits of the judgment of the lower court, and that he has, therefore, waived his right of appeal.

The payment of costs is not a waiver of the right to appeal. Woodward v. State ex rel. Thomssen, 58 Neb. 598, 79 N. W. 164. Traditionally the question of whether the payment of a money judgment cuts off the payor's right of appeal has seemed to depend on whether the payment was voluntary. The majority view appears to

be that payment of an enforcible judgment prior to issuance of an execution does not of itself cut off the payor's right to appeal. This court has previously held that payment of a money judgment was not voluntary where made to avoid a sale of property on execution. Burke v. Dendinger, 120 Neb. 594, 234 N. W. 405. In the case at bar, no supersedeas bond was furnished and execution could have been issued at any time. We think it also worthy of note that in a divorce action, the husband is responsible for the attorneys' fees of the wife. Both contempt charges, as well as criminal action, could be brought for failure to make the child support payments required by an enforcible decree. While it is true that the defendant might have availed himself of the opportunity to obtain a supersedeas, this is generally regarded as immaterial. See, 4 Am. Jur. 2d, Appeal and Error, § 260, p. 756; 39 A. L. R. 2d § 5(b), p. 160. We believe the better rule to be that in a divorce action, where no supersedeas bond is furnished, the payment of attorneys' fees and costs, and the payment of a judgment for child support do not deprive the payor of his right of appeal.

It is asserted that where the appellant has accepted the fruits of a judgment of the lower court, he waives his right of appeal. The cases cited in support of this proposition generally involve the acceptance of money deposited or paid into court. The case of Larabee v. Larabee, 128 Neb. 560, 259 N. W. 520, is typical. It sets out the rule that a litigant cannot voluntarily accept the payment of a part of the judgment in his favor and afterward prosecute an appeal from that part of the judgment against him.

Essentially, the only acts of the defendant here relied upon as constituting acceptance of benefits of the decree consist of withdrawing $100 on two occasions from what had formerly been, and was still shown on the books of the association, as the joint account of the defendant and the plaintiff. One withdrawal was between the entry of the original decree and the amended de-

cree, and the other was 20 days after the entry of the amended decree. The amendment did not involve the account, but the account was assigned to him individually in both decrees. The record shows that he had withdrawn $613 shortly before the separation of the parties. The amount withdrawn by the defendant after the decree was less than half of the then balance in the account.

Some exceptions to the general rule on acceptance of benefits are stated in 4 Am. Jur. 2d, Appeal and Error, § 253, p. 748: "If the outcome of the appeal could have no effect on the appellant's right to the benefit accepted, its acceptance does not preclude the appeal. There is no acceptance of benefits under a judgment, and hence no waiver of rights of appeal, where a party exercises a right which existed prior to the judgment and which, though recognized or confirmed by the judgment, is not merged in it."

In the case of Bohl v. Bohl, 72 S. D. 257, 32 N. W. 2d 690, a somewhat similar factual situation was involved, and the court stated: "Appellant is in this court asking for relief in addition to that awarded her by the trial court. The property which she is alleged to have accepted under the decree is personal property only, and is not in such an amount that it is probable that less might be awarded to her. Appellant, therefore, by using or accepting this property which under the decree was awarded to her has done nothing inconsistent with her present position."

An appellant who withdraws $200 from a former jointly held account assigned by the decree to him is not estopped from appealing from the decree on the grounds that the property division awarded him was insufficient. The motion to dismiss is therefore overruled.

The appeal here is upon the ground that the division of property was unfair, unjust, and inequitable, and that an allowance of $70 per month child support for each of two children, age 4 and 7 is excessive.

The property covered by the decree consisted of a

residence in Lincoln, Nebraska, purchased 3 years prior to the divorce for $17,300, on which no capital improvements had been added except some painting. The balance due on the mortgage on the residence of the parties was $11,400. The defendant testified that the property had a value of $20,000. The parties also had a savings account in Union Loan and Savings Association which, prior to their separation, had a balance of between $1,400 and $1,500, and as of the date of hearing had a balance of $511.54, the difference having been withdrawn by the defendant. There was also an equity of $3,424.70 in a real estate property in Lincoln, Nebraska, sold under contract. There was a pickup truck purchased for $205, a 1954 Chevrolet, and a 1963 Ford. The household goods, as to which no value is shown, were basically all 8 years old. In addition, the defendant had a one-half interest in farms in Thayer and Jefferson Counties, one of 75 acres and one of 48 acres, which he had inherited. He testified that his interest in these farms was worth $3,500 and that the previous year they had produced a net income of $350. The parties, prior to their separation, had had a joint checking account in the National Bank of Commerce. The plaintiff opened a separate account in the State Federal Savings and Loan Association which had more than $150 in it as of the date of trial. The defendant had two $1,000 insurance policies on his life, the cash value of which is not shown. There was no testimony as to any amounts in the defendant's separate checking account as of the date of trial. The plaintiff had made the last 4 payments on the Ford automobile in the sum of $340 and had also made the house payments of $113 per month for 6 months prior to the hearing. The defendant had paid to her the sum of $100 a month for child support for 6 months prior to the hearing. The defendant's earnings in the year prior to trial were $6,500, plus the $350 income from the farm properties. The trial court assigned to the plaintiff the Ford automobile, the household furniture and furnishings, and the

residence; and assigned to the defendant the 1950 pickup truck, the 1954 Chevrolet automobile, the balance in the Union Loan and Savings Association account, the equity in the real estate sales contract, and the farms in Jefferson and Thayer Counties.

"In determining the question of alimony or division of property as between the parties, the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and from all such elements the court should determine the rights of the parties and all other matters pertaining to the case." Reckling v. Reckling, 172 Neb. 731, 111 N. W. 2d 627.

The parties were married in 1954 and the plaintiff had worked as a medical technician during the 8 years of the marriage. It must be borne in mind that the divorce was awarded to the plaintiff for offenses of the defendant, and that the plaintiff was awarded the care and custody of the two minor children of the parties, aged 4 and 7. The property division was in lieu of all alimony. The plaintiff received only one car, the household furniture, and the residence. Whether the equity interest in the residence may have been $5,900 based on its purchase price just 3 years prior, or was $8,600 in accordance with the defendant's testimony, is not clear, The defendant received the equity in the real estate contract of the admitted value of $3,424.70, the savings account which was $511.54 at the time of trial, and had been $1,400 to $1,500 at the time of the separation, farm properties which, according to his own testimony, were worth $3,500, the pickup truck, and the 1954 automobile.

The division of property was close to one-half, and,

in addition, was in lieu of all alimony. Under all of the facts in this case, it cannot be said to be unjust or inequitable.

The defendant has also challenged the allowance of $70 per month child support for each of the two children. One child wore corrective shoes, one required braces on her teeth, and the other was to obtain braces. The cost for a babysitter for the children while the mother was employed was $17.50 a week. The house payments required for the residence in which the mother and children resided were $113 a month. The husband's income was $6,850 a year. Under such circumstances, the award of $70 per month per child was not excessive.

For the reasons stated, the decree of the separate juvenile court was correct and is affirmed. The plaintiff is allowed $250 for the services of her attorneys in this court.

AFFIRMED.