JARED FRANKLIN LARABEE, APPELLEE, V. MILDRED CADE LARABEE, APPELLANT.

FILED MARCH 22, 1935. No. 28742.

*Burkett, Wilson, Brown & Van Kirk,* for appellant.

*Harry R. Ankeny* and *Jay O. Rodgers, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

Jared Franklin Larabee, plaintiff, sued his wife, Mildred Cade Larabee, defendant, for a divorce on the ground of extreme cruelty. In an answer to the petition, defendant denied the cruelty charged by plaintiff and applied for a divorce from her husband on the ground of his extreme cruelty to her. Upon a trial of the cause the district court dismissed the petition of plaintiff and granted defendant a

divorce. The decree denied defendant permanent alimony, but contained a judgment against plaintiff for the following items: Expenses paid by defendant for upkeep of the home and for clothing for herself and her minor daughter, $119.58; unpaid temporary alimony previously allowed by the court, $23.31; fee for defendant's attorney, $100. In addition plaintiff was required to pay the costs. Defendant appealed.

A motion by plaintiff to dismiss the appeal on the ground that defendant accepted the parts of the judgment in her favor was at first overruled and she was permitted to argue the merits of her claim for permanent alimony. Upon a renewal of the attack on the appeal, the motion and a supplemental transcript accompanying it have been reexamined. Facts showing that an appellant has lost the right to prosecute his appeal by voluntarily accepting payment of part of the judgment in his favor may be brought into the record in the supreme court by a motion and an additional transcript. The transcript of the proceedings and of the judgment below was filed in the supreme court February 11, 1933. An additional transcript accompanying the motion shows that on February 27, 1933, the attorney's lien was paid and released, and that defendant, appellant herein, made on the judgment record of the district court the following entry: "February 27, 1933, decree and costs to date paid and satisfied." Plaintiff paid the sum of the entire judgment against him into court. Defendant assented to her divorce, voluntarily accepted from the clerk payment of the items in her favor and entered satisfaction of record. The case falls directly within the oft-repeated rule that a litigant cannot voluntarily accept payment of that part of a judgment in his favor and afterward prosecute an appeal from that part of the judgment against him. The law has been discussed as follows:

"The doctrine that a party who accepts the benefit of a decree in his favor waives the right to prosecute an appeal, is not limited in its application to those alone who

have accepted the full amount awarded, but applies as well where there has been part acceptance. A party, by voluntarily accepting under a decree a portion of the amount found due him, thereby as fully and completely recognizes the validity of the decree as if he had drawn the full amount allowed him. If appellant desired to prosecute his appeal he should not have accepted any portion of the fund paid into court, which was adjudged to be his. He was not compelled to accept the money, but could have allowed it to remain with the clerk of the district court until his appeal was decided. The acceptance of the money, under the circumstances disclosed by this record, precludes appellant from challenging the correctness or validity of the decree." *Harte v. Castetter*, 38 Neb. 571.

The text is supported by other Nebraska cases and by cases from other jurisdictions generally as shown by the citation of authorities in the opinion. The language in the foregoing excerpt was quoted with approval in *McKee v. Goodrich*, 84 Neb. 479. See, also, *State v. Millsap*, 112 Neb. 722.

For the reasons stated, the order overruling the motion to dismiss the appeal is vacated and the appeal dismissed at the costs of defendant.

APPEAL DISMISSED.