DE LORS NUSS, APPELLEE, v. FERDINAND NUSS, APPELLANT.

27 N. W. 2d 624

Filed May 23, 1947. No. 32181.

George I. Craven, for appellant.

J. Jay Marx, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action for divorce by plaintiff and appellee against defendant and appellant. In the action plaintiff was granted a divorce from defendant; custody of the minor child of the parties; $450 from the savings of the parties and all household goods of the parties as alimony; $125 as an attorney's fee; and $30 a month until the further order of the court for child support. There was a balance of savings in the amount of $375. This was ordered paid to the clerk of the district court and out of it all court costs were ordered paid and the balance to be applied monthly on the payments for child support.

From the decree the defendant has appealed. He seeks a reversal of the decree in its entirety and a dismissal of plaintiff's petition. As grounds for reversal he sets forth numerous assignments of error but for the purposes of this opinion it becomes necessary to consider only two, namely that the decree is contrary to the evidence and that it is contrary to law.

The allegations of the petition upon which plaintiff relied as grounds for divorce were that defendant had been guilty of cruelty. The specific allegations are that on several occasions he assaulted her; that he nagged her; that he threatened her; and that he falsely and unjustly accused her of infidelity.

By answer the defendant denied the allegations of cruelty charged against him, and prayed for a dismissal of the petition.

The record discloses that the parties were married August 17, 1941. One child was born of the marriage. The child was born August 9, 1944. The parties lived together in Lincoln, Nebraska, from the date of the marriage until January 1944, when the defendant was inducted into the armed services of the United States. Defendant returned from service in December 1945 and

thereafter the parties resumed living together again in Lincoln, Nebraska.

To support the charges of cruelty contained in her petition plaintiff gave testimony of numerous instances of physical violence; threats; abusive and neglectful treatment; and nagging of, upon, and toward her by the defendant. She also gave testimony of attempted sexual perversion by defendant upon and toward her. This charge was not made in her petition. Her testimony as to incidents involved in her charge of cruelty covered the entire period of the married life of the parties and one instance antedated the marriage.

Significantly the plaintiff adduced no evidence either directly or inferentially supporting or corroborating her charges of violence, threats, nagging, or sexual perversion.

There is no evidence outside of the testimony given by plaintiff, except one instance testified to by defendant, that defendant ever struck, threatened, or nagged plaintiff. This incident was an occasion in 1942 when plaintiff was out with a party and came home after one o'clock a. m. Plaintiff got out of a taxicab with a soldier who accompanied her to the door. He testified that the next day he questioned plaintiff about the incident. She then flew into a rage and scratched him whereupon he slapped her and then held her hands so that she could do no more scratching.

There is no evidence whatever that defendant falsely and unjustly accused plaintiff of infidelity. There is no evidence of accusation at all. Though defendant made no accusation of infidelity he could not well have been criticised for so doing had he done so in the light of plaintiff's conduct as it was disclosed by the admissions contained in her testimony in this case.

There is evidence that the defendant did complain and object to plaintiff's association with other men and of her conduct in these associations. That he did complain there is no question. That he had just cause for

complaint there can be likewise no question, and for his complaints he cannot reasonably be charged with cruelty.

It is too much to expect of a man that he will remain completely quiescent with knowledge that before he entered the armed services his wife was unduly familiar with other men, with knowledge that during the period of his service his wife was regularly in the company of other men and on occasion entertained them in her apartment, and with further knowledge that after his return undue familiarities with other men were engaged in, and especially when this knowledge came from personal observations and the admissions of his wife. That he had this knowledge and made such observations is conclusive from the record.

Section 42-335, R. S. 1943, provides: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose."

In Haines v. Haines, 79 Neb. 684, 113 N. W. 125, it was said: "There was no corroboration of the plaintiff's testimony as to the misconduct complained of, and we do not think that the court erred in refusing the plaintiff a divorce."

In Christensen v. Christensen, 144 Neb. 763, 14 N. W. 2d 613, it was said: "It is elementary in this state that it is not error to deny a divorce from the bonds of matrimony on the charge of extreme cruelty on the part of the defendant where the evidence of the plaintiff as to alleged misconduct is not corroborated."

The testimony of the plaintiff as to her charges of cruelty against the defendant which, except for her own conduct, might be a basis for a decree of divorce in her behalf stands wholly without corroboration. Therefore under the statute and the decisions of this court

the trial court erred in granting a decree of divorce to the plaintiff.

The plaintiff contends that the defendant is barred from any right of appeal on account of having accepted benefits awarded to him under the decree. She rests her contention in this respect on the following rule: "A litigant cannot voluntarily accept payment of that part of the judgment in his favor and afterward prosecute an appeal from that part of the judgment against him." Larabee v. Larabee, 128 Neb. 560, 259 N. W. 520. See, also, Harte v. Castetter, 38 Neb. 571, 57 N. W. 381.

We think this rule can have no application here. In the first place there was no judgment or decree in favor of defendant for any amount. In the second place the parties had an accumulated estate of $950. It stood in the name of the plaintiff. Plaintiff testified that $500 of the amount came from the sale that she had made of an automobile belonging to the defendant. In disposing of the estate the trial court relieved the defendant from its entire control. It was ordered, however, that out of this estate the court costs should be paid. Defendant's portion of the costs was $4. The clerk of the court sent him a check for that amount. The effect of the decree in this respect was to take from the defendant all of his interest in this estate except $4. It is difficult to see how this could be the acceptance of a benefit under the decree. The contention is without merit.

The decree of the district court is reversed and the cause remanded with directions to dismiss plaintiff's petition.

REVERSED WITH DIRECTIONS.