Donna M. Erks, appellee, v. Gary W. Erks, appellant.

216 N. W. 2d 742

Filed April 4, 1974. No. 39250.

Douglas McArthur, for appellant.

Paul E. Galter of Bauer, Galter, Scott & Geier, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, and Clinton, JJ., and White, District Judge.

Newton, J.

This is an appeal from a decree of the District Court changing the custody of minor children. Defendant contends there has not been a sufficient change in circumstances to justify the change of custody and that the children should be kept within the jurisdiction of the court. We affirm the judgment of the District Court awarding custody to plaintiff.

The defendant obtained a decree of divorce from the plaintiff Donna M. Erks on January 7, 1971, and was awarded custody of the three minor children, two boys

and a girl, respectively 8, 7, and 6 years of age at time of this hearing.

Perusal of the record discloses that both parties have remarried and plaintiff's present spouse has two children by a previous marriage. Plaintiff now resides in a farm home at Cedar Falls, Iowa. Her husband has been employed for 7 years at the John Deere plant in Waterloo and is presently employed as a tractor systems operator there. He earns $181.40 per week. Defendant is an employee at a Texaco station earning $120 per week and receives help from the Lincoln Housing Authority. His present wife has one child born to her prior to her marriage to defendant and another born to her and defendant. She works from 7 a.m. to 4 p.m. and earns about $60 per week. The children when not in school are left with a babysitter during her absence. Both homes are physically adequate.

It is conceded that at the time of the divorce the parties agreed to permit defendant to have custody of the children. Plaintiff said she did this because at that time her place of residence and employment were unsettled and subject to change. She also said that defendant wanted custody to enable him to avoid the draft. This statement defendant denies.

Following the divorce the children lived with plaintiff until September 1971, and through the summer of 1972, but the two boys lived with defendant during school sessions. The youngest child remained with plaintiff until September 1972, when school started.

It is generally the best policy to keep minor children within the jurisdiction of the court, but this policy must yield to the paramount consideration which is the best interests of the children. See, Syas v. Syas, 150 Neb. 533, 34 N. W. 2d 884; Hossack v. Hossack, 176 Neb. 368, 126 N. W. 2d 166.

Since the entry of the divorce decree both parties have remarried and established new homes. Neither

has been found unfit to have custody of the children and their custody has been largely shared by their parents. This is not a situation in which the children have been primarily in the custody of one parent and a change of custody would result in tearing up roots established by life with one parent and in one community. The primary reason of stability is not applicable and the court is in the same position with reference to determining custody as it was in the first instance. In this case the court was required to determine which of the two homes offered would be best from the standpoint of the children. "In determining the question of who should have the care and custody of children upon divorce, the paramount consideration is the best interests and welfare of the children." Lanz v. Lanz, 189 Neb. 578, 203 N. W. 2d 761.

The trial court has resolved the issue and we are unable to find that there has been a clear abuse of discretion. "In cases involving determinations of child custody, the findings of the trial court, both as to an evaluation of the evidence and as to the matter of custody, will not be disturbed unless there is a clear abuse of discretion." Lanz v. Lanz, *supra*.

The judgment of the District Court is affirmed.

AFFIRMED.

SPENCER, J., concurs in result.