KATHLEEN L. LEWIS, APPELLANT, V. STEPHEN K. LEWIS, APPELLEE.

219 N. W. 2d 910

Filed July 11, 1974. No. 39281.

Thomas J. Walsh of Walsh, Walentine & Miles, for appellant.

Richard M. Fellman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal in a divorce proceeding. The trial court dissolved the marriage, made a division of the property, awarded custody of the minor children to the respondent with visitation rights in the petitioner, and ordered each party to pay his own costs and attorney's fees. The issues on appeal relate to the custody of the children and the petitioner's request for attorney's fees.

The petitioner was a student at the University of Michigan, 17 years of age, when she met the respondent who was then 25 years of age and a graduate student at Eastern Michigan University. They lived together for a year before their marriage in 1968. Their children are Misha Ellen, born May 9, 1970; and Amy Lynn, born September 1, 1971. After living in Carbondale, Illinois, and Tuskegee, Alabama, the parties moved to Nebraska in 1971. The petitioner completed premedical

studies and was admitted to medical school. The re- spondent was employed as an instructor and continued his work toward a doctorate degree. The action for dissolution of the marriage was filed January 26, 1973.

The controlling consideration in determining custody of minor children in a divorce proceeding is the best interests and welfare of the children. Erks v. Erks, 191 Neb. 603, 216 N. W. 2d 742. The findings of the trial court both as to an evaluation of the evidence and as to the matter of custody will not be disturbed on appeal in the absence of a clear abuse of discretion. Kockrow v. Kockrow, 191 Neb. 657, 217 N. W. 2d 89.

The evidence in this case, much of which was in conflict, tended to show that both parties lacked maturity and emotional stability. To the extent the evidence was in conflict, we give weight to the fact the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. Seybold v. Seybold, 191 Neb. 480, 216 N. W. 2d 179.

There are some facts which are undisputed. The petitioner is in medical school and has little time which could be devoted to the care of the children. The respondent has been caring for the children for some time and has been doing so in a satisfactory manner. Since the separation of the parties the petitioner has been living with a male medical student. This environment would be a most unsatisfactory home for the children.

The evidence established that the custody of the children was properly awarded to the respondent. However, in view of the age of the children and the evidence relating to the past conduct of the parties, the decree should be modified to provide that the custody of the children shall be under the supervision of the Douglas County department of public welfare.

We find no error in the judgment of the District Court

with regard to visitation rights or the denial of attorney's fees to the petitioner.

The judgment of the District Court, as modified, is affirmed.

AFFIRMED AS MODIFIED.