BEVERLY REYNEK, APPELLANT, V. ROBERT REYNEK, APPELLEE.
227 N. W. 2d 578

Filed April 3, 1975. No. 39564.

Daniel G. Dolan of Lathrop, Albracht & Dolan, for appellant.

Steven J. Lustgarten of Gitnick & Lustgarten, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Beverly Reynek appeals to this court from a decree entered by the District Court dissolving her marriage to the appellee, Robert Reynek. The decree also awarded custody of their four minor children to Robert Reynek and required him to make monthly payments of $200 pursuant to a property settlement between the parties. The only issue raised by appellant in her appeal is whether the trial court erred in awarding the custody of the children to the husband. However also presented for our disposition is a motion filed by appellee, Robert Reynek, during the pendency of this appeal, to dismiss the appeal because Beverly had accepted certain benefits of the decree and had thus recognized the validity of that decree. We overrule the motion to dismiss, and modify and affirm the decree of the District Court.

In support of his motion to dismiss, appellee has filed with this court a supplemental transcript indicating that Beverly has accepted eight of the $200 property settlement payments made by Robert pursuant to the decree of the District Court. He now contends because of that

fact this appeal must be dismissed under the rule enunciated by this court in Larabee v. Larabee, 128 Neb. 560, 259 N. W. 520 (1935). In the decree in that case the District Court denied the wife permanent alimony, but ordered the husband to pay to the wife (1) certain amounts already expended by her for the upkeep of her home and for clothing for herself and her minor child, (2) certain unpaid temporary alimony that had been previously allowed by the court, and (3) a fee for the wife's attorney. The husband paid the entire amount of the judgment against him into court and the wife voluntarily accepted from the court payment of that amount and entered a satisfaction of record. The husband filed a motion to dismiss a subsequent appeal to this court, which sustained the motion and dismissed the wife's appeal. In its opinion the court stated the basis for its holding as follows: "The case falls directly within the oft-repeated rule that a litigant cannot voluntarily accept payment of that part of a judgment in his favor and afterward prosecute an appeal from that part of the judgment against him."

The rule stated in Larabee v. Larabee, *supra*, is a general rule which appears to be widely accepted in other jurisdictions, and has been applied to a variety of fact situations. See 29 A. L. R. 3d 1184. However, this rule, as is frequently true of general rules, is subject to exceptions, and one of the common exceptions recognized by the courts is that the action of a party in accepting benefits of a decree in respect to his or her own interests should not be permitted to affect adversely the interests of the children. This rule and reasoning in support thereof, is well expressed in Wilson v. Wilson, 242 Ore. 201, 407 P. 2d 898 (1965), where that court stated: "Since a custodial award affects primarily, not the rights of the parents, but the welfare of the child . . . it would be carrying too far the rule of waiver by acceptance of benefits were it to be held that the appellant has lost her right to question by appeal the de-

cree as to the minor children because she accepted the property settlement." To the same effect, see, Jackson v. Jackson, 248 Iowa 1365, 85 N. W. 2d 590 (1957); Fried v. Fried, 209 Ga. 854, 76 S. E. 2d 395 (1953); 29 A. L. R. 3d 1184, § 10 at 1203 and § 11(c) at 1209. While we do not abandon the rule expressed in Larabee v. Larabee, *supra,* we believe the exception to that rule as above expressed where the interests of minor children are involved, is logical and persuasive, and particularly applicable to the facts of this case. We do not believe the fact that the wife in this case accepted certain payments from the husband under the decree of the District Court approving a property settlement, should in any way prevent this court from considering on appeal the question of child custody, and where the best interests of the children lie. The motion to dismiss must be overruled.

Having determined that the appeal herein must be considered on its merits, we now turn to the question of whether the District Court was correct in awarding custody of the four minor children of the parties to the husband. In determining who shall receive custody of the minor children of the parties to an action for the dissolution of marriage, the controlling consideration is the best interests and welfare of the children. Lockard v. Lockard, *ante* p. 400, 227 N. W. 2d 581. Upon de novo review of the facts of this case, as revealed by the record, we have concluded that it would be to the best interests of the children involved herein that their custody be awarded to the father, and that the action of the trial court in awarding their custody to him should be affirmed, subject to the modification hereinafter referred to.

It is fairly inferable that the turning point in the marriage of these parties occurred in the spring of 1973 when Beverly met a man in whose company she subsequently spent a great deal of her time. Her relationship with this man continued through all 1973 and

into 1974, and still was of a continuing nature at the time of the trial. She admits that her relationship with the man in question involved adulterous conduct on her part. We have held the fact that one of the parties to an action for the dissolution of marriage has committed adultery, although a relevant consideration, will not necessarily be determinative of who shall be awarded custody of the minor children of those parties. See Lockard v. Lockard, *supra*. In this case, however, there is evidence from which we have concluded that the adulterous conduct of the appellant adversely affected the best interests of the children. It appears that there was a noticable change in the behavior of the appellant beginning in the spring of 1973 and that she seemed to neglect the house and prepare less substantial meals for the family. In addition, she was, on many occasions, absent from the home for long periods of time. This latter fact was verified by a private investigator retained by the husband. According to his testimony, he began his surveillance of Beverly on September 20, 1973, and described for the court numerous occasions during which he observed the appellant leaving the home, meeting her paramour, and then returning to the home at very late hours of the night. During those occasions, it appears that the children were being cared for by the husband to the best of his ability under the circumstances. While appellee is employed as a traveling salesman and is absent from the home a number of days each week, he has indicated that he has arranged to have his widowed mother assist him in caring for the children whenever necessary. The mother, although elderly, is in good health, and testified that she is willing to render such assistance. While the personal habits of the husband leave something to be desired, we believe that he is sincerely interested in the welfare of the children, and has exhibited his concern for them by his actions. All these factors, when considered with the fact that the trial judge, who saw the parties and the

witnesses and heard them testify, decided to award custody to the husband, leads us to the conclusion that the best interests of the children would be served if their custody was to remain with the appellee. However, we believe that it is advisable that the decree of the District Court be modified to provide that the custody of the children shall be under the supervision of the Douglas County welfare department, or such other agency or person as the District Court shall direct. Lewis v. Lewis, 192 Neb. 266, 219 N. W. 2d 910 (1974).

As thus modified, the judgment of the District Court is affirmed.

AFFIRMED AS MODIFIED.