JOHN BERIGAN, APPELLEE, v. ALICE E. BERIGAN, APPELLANT.
231 N. W. 2d 131

Filed June 26, 1975. No. 39836.

Fraizer & Fraizer, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Alice E. Berigan, respondent, appeals from the alimony and child support portions of a dissolution of marriage decree. We affirm as modified.

The parties, who were married in 1961, have four children. At the time of the trial in December 1973, their ages were: Elizabeth, 11; Carol, 10; William, 8; and Gregory, 2. Petitioner was 43 years of age and respondent 42. Both are graduates of the University of Nebraska and both have taught school. Petitioner is now teaching at Nebraska Wesleyan University and respondent is employed at Doane College.

Respondent was awarded the custody of the four children. In addition to an approximately $5,000 equity in a home at Crete, Nebraska, respondent was awarded the furniture and furnishings therein, a 1966 station wagon, $50 per month alimony for 10 years, and $80 per month for each child as child support. Petitioner was awarded 800 acres of ranch land, which was premarital property and is subject to an encumbrance of approximately $29,000. In addition he was awarded an equity in a 1973 automobile, a fishing boat, a radio tower, musical instruments, and a music library.

Respondent is contesting the adequacy of the alimony allowance and the amount of the child support. Unfortunately for respondent, the record discloses that she has accepted at least 18 payments of alimony pending this appeal, and although we might have increased the alimony allowance if the matter were properly before us, on the record herein we cannot do so.

In Larabee v. Larabee (1935), 128 Neb. 560, 259 N. W. 520, this court established the rule that an appellant who voluntarily accepts payment of a part of a judgment in his or her favor loses the right to prosecute an appeal. The rule that the acceptance of benefits precludes an appeal by the one benefited is one of general application, although there are varying exceptions. See 29 A. L. R. 3d 1184. While we modified Larabee v. Larabee, *supra*, in Reynek v. Reynek (1975), 193 Neb. 404, 227 N. W. 2d 578, we did so only insofar as it affected the interests of minor children. We reaffirm the rule enunciated in Larabee except as it may affect the interests and welfare of minor children. The proper procedure where an appeal is contemplated is to apply to the trial court for temporary allowances pending appeal. If the trial court has fully adjusted the property rights of the parties, the court may make the temporary allowances during the pendency of the appeal applicable on the alimony awarded in the decree. See Badberg v. Badberg (1975), 193 Neb. 844, 229 N. W. 2d 552.

On the record herein, considering the ages of the children, we do not question the adequacy of $80 per month for the support of each child at the present time. This award is subject to future modification if necessity requires. We do feel, however, that the petitioner should additionally be required to pay all medical and dental expenses necessarily incurred for said children, and modify the decree in that respect.

The judgment is affirmed as modified herein. Costs are taxed to the petitioner, including the allowance of

$500 as attorney's fee for services of respondent's attorney in this court.

AFFIRMED AS MODIFIED.

CLINTON, J., concurs in the result.