RUTH R. FLETCHER, APPELLANT, V. DONALD D. FLETCHER, APPELLEE.

416 N.W.2d 570

Filed December 18, 1987.   No. 85-1006.

Alan Kirshen and Elizabeth Kountze, for appellant.

John J. Higgins of Higgins, Okun & Calkins, for appellee.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from the district court for Douglas County. The court modified the alimony provision of a divorce decree entered between the parties on January 11, 1979.

The original decree awarded appellant periodic nominal alimony in the amount of $1 per year for 5 years. She was also awarded a lien on the couple's real estate, her personal effects, attorney fees, and court costs.

On December 30, 1983, appellant filed a petition for modification of decree of dissolution in the district court, seeking an increase in alimony payments. After a hearing before the trial judge, the court held that petitioner-appellant

had proved that a substantial change in circumstances had taken place. Appellant's income had decreased from $105 per week to no regular income due to health problems, while appellee's income had increased from $460 per month to approximately $1,960 per month. The trial judge modified the original decree and entered an order requiring appellee to pay $200 per month for 36 months, commencing December 1, 1985.

Petitioner appeals from this order due to the trial judge's refusal to consider a personal injury award received by appellee as bearing on the issue of alimony. This personal injury action was pending at the time of the entry of the original decree and was settled after the decree became final.

Appellee has raised a question as to the propriety of this appeal, the answer to which may bar any consideration of appellant's assigned errors. Appellee asserts that appellant has waived her right to appeal the modification order because she has accepted the benefits of the decree. The record reveals that respondent-appellee remitted at least some of the $200 checks, as ordered, to the clerk of the district court. The clerk's office disbursed the checks to appellant's attorney, who, with the appellant's consent, endorsed, cashed, and deposited the proceeds into the attorney's trust account for the benefit of appellant.

The general rule at issue here is stated as follows: An appellant who voluntarily accepts payment of a part of a judgment in his or her favor loses the right to prosecute an appeal. *Berigan v. Berigan*, 194 Neb. 185, 231 N.W.2d 131 (1975). Appellant asserts that because the money is in an attorney trust account and she has "no use of the funds whatsoever," she cannot be said to have accepted the benefits of the decree. Reply Brief for Appellant at 2. We cannot agree.

There is no doubt that the funds in the attorney's trust account are now the property of appellant. Appellee has not challenged appellant's right to the $200 payments by appealing the determination as to his obligation, nor has he cross-appealed as to the issue of her right to the payments.

The funds in the trust account certainly are not the property of the appellant's attorney. In fact, those funds are entirely within the control of appellant. Canon 9, DR 9-102(B)(4), of

the Code of Professional Responsibility requires that "[a] lawyer shall . . . [p]romptly pay or deliver to the client as requested by a client the funds . . . in the possession of the lawyer which the client is entitled to receive." Appellant could demand the trust funds in question here at any time, and her attorney is required to release those funds promptly. Further, absent a cross-appeal in this court, Neb. Ct. R. of Prac. 8 (rev. 1986) gives appellant an absolute right to dismiss this appeal.

Appellant is trying to shield herself from the "waiver of right to appeal" rule by consenting to her attorney's accepting the alimony payments for her. We will not allow appellants to sidestep the clear intent of the law in this manner. A client may be bound by her attorney's receipt of payment of a judgment if payment is made before the attorney's authority is revoked. *Mason v. Forrest*, 332 S.W.2d 634 (Ky. 1959). See, also, 7A C.J.S. *Attorney & Client* § 202 (1980). The record in this case clearly indicates that appellant consented to her attorney's actions.

This court stated in *Berigan, supra*, the proper procedure in cases such as this where an appeal is contemplated. Appellants should apply to the trial court for temporary allowance of alimony pending appeal. Appellant in this case was not without a remedy or avenue for appeal.

APPEAL DISMISSED.

GRANT, J., participating on briefs.