KATHY JOLENE SHIERS, APPELLANT AND CROSS-APPELLEE, V. BILLY ALLAN SHIERS, APPELLEE AND CROSS-APPELLANT.

485 N.W.2d 574

Filed June 5, 1992.    No. S-89-1266.

Kent A. Schroeder, of Ross, Schroeder & Brauer, for appellant.

Terri S. Harder, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.
In this dissolution of marriage action, the petitioner-appellant wife, Kathy Jolene Shiers, challenges the district court's failure to award her alimony and the amount of child support she has been ordered to pay the respondent-appellee husband, Billy Allan Shiers. The husband has cross-appealed, claiming that as the wife accepted the property distributions awarded her, she has forfeited any right to appeal. We affirm.

The wife, age 31 at the time of trial on March 7, 1989, and the husband, then age 33, were married on June 21, 1975, and produced two children. Custody of the children was given to the husband, and the wife was ordered to pay child support of $260 a month until the first child turned 19 and, thereafter, $175 a month until the youngest child reached 19.

The wife has worked consistently since the marriage. At first, she helped in the farming operations the husband conducted with his father. Sometime between 1977 and mid-1979, she was employed by a retail outlet. In 1979, she began working for an implement dealer; however, because of the slow farm economy, she left that job in 1984 and began working for a beef slaughtering plant. In May 1988, she left that job and returned to the implement dealer, where she was employed at the time of trial. Throughout the marriage and these proceedings, the husband has been a farmer, without additional employment.

The district court allocated certain items of personal property to each of the parties and ordered the husband to pay the wife $56,000 to equalize the allocation. It noted that in

computing the wife's child support obligation, it had calculated the separate incomes of the parties based on their earnings for 1985, 1986, and 1987, and found a 3-year earnings average for the husband of $14,492 and a 3-year earnings average for the wife of $14,463.10, which it then adjusted for taxes. Because of the fluctuations in farm income, the district court settled on averaging and, in order to treat the husband and wife alike, also averaged the wife's salary.

The husband argues that the wife's acceptance of the $56,000 he paid her through the clerk of the district court constitutes a waiver of her right to appeal.

It appears the first application to a divorce action of the rule that a litigant cannot accept payment of that part of a judgment in her or his favor and afterward prosecute an appeal from that part of the judgment against her or him is found in *Larabee v. Larabee*, 128 Neb. 560, 259 N.W. 520 (1935). Therein, the trial court granted the appellant a divorce and denied her alimony, but ordered the appellee to pay her certain sums, including an attorney fee and costs. The appellee paid the sums ordered, and the appellant accepted them. The *Larabee* court ruled that in so doing, the appellant forfeited her right to appeal. Although the opinion does not make it entirely clear that the appellant was challenging the trial court's failure to award her alimony, her brief does.

On the other hand, in *Nuss v. Nuss*, 148 Neb. 417, 27 N.W.2d 624 (1947), the appellee was granted a divorce, custody of the child, part of the parties' savings, household goods, an attorney fee, and child support. The remainder of the savings was ordered paid into court in satisfaction of all costs, the balance to be applied to the appellant's child support obligation. Concluding not only that there had been no judgment in favor of the appellant, but that it could not be said the decree conferred any benefit upon him, the *Nuss* court ruled that the application of sums as ordered by the trial court did not deprive appellant of the right to appeal. Similarly, *Kassebaum v. Kassebaum*, 178 Neb. 812, 135 N.W.2d 704 (1965), held that the payment of costs, attorney fees, and child support did not deprive one of the right to appeal. The *Kassebaum* court reasoned that as no supersedeas bond had been posted, the

payments could not be characterized as voluntary, for not only would the judgment have been subject to execution but the judgment debtor would have been subject to being held in contempt. Although not relied upon by the *Kassebaum* court, the *Nuss* rationale was equally applicable, for there was no judgment in favor of the *Kassebaum* appellant. He had accepted no benefit conferred upon him, but, rather, had merely discharged, pending the outcome of the appeal, the obligations imposed upon him. It would have been for the appellee to account, were she to have been found to have been overpaid.

In *Reynek v. Reynek*, 193 Neb. 404, 227 N.W.2d 578 (1975), the decree awarded the children of the parties to the appellee and required him to make certain monthly property settlement payments to the appellant. The appellant accepted a number of the ordered monthly payments, but nonetheless appealed only to the propriety of placing the children with the appellee. Adopting the view of the Oregon Supreme Court that since a custodial award affects primarily the welfare of the child and not the rights of the parent, the *Reynek* court concluded that appellant had not forfeited her right to appeal on that issue.

Notwithstanding the fact that she had accepted several of the ordered monthly alimony payments, the appellant in *Berigan v. Berigan*, 194 Neb. 185, 231 N.W.2d 131 (1975), questioned the adequacy of both the alimony and the child support awarded her. Although the *Berigan* court considered the child support issue, it refused to consider the alimony issue, writing:

> In Larabee v. Larabee (1935), 128 Neb. 560, 259 N.W. 520, this court established the rule that an appellant who voluntarily accepts payment of a part of a judgment in his or her favor loses the right to prosecute an appeal. The rule that the acceptance of benefits precludes an appeal by the one benefited is one of general application, although there are varying exceptions. . . . While we modified Larabee v. Larabee, *supra*, in Reynek v. Reynek (1975), 193 Neb. 404, 227 N.W.2d 578, we did so only insofar as it affected the interests of minor children. We reaffirm the rule enunciated in Larabee except as it may affect the interests and welfare of minor children. The proper

procedure where an appeal is contemplated is to apply to the trial court for temporary allowances pending appeal. If the trial court has fully adjusted the property rights of the parties, the court may make the temporary allowances during the pendency of the appeal applicable on the alimony awarded in the decree. [Citation omitted.]

194 Neb. at 187, 231 N.W.2d at 133.

The rule distilled from the foregoing cases is that in a dissolution of marriage action, one who accepts any part of a judgment in her or his favor forfeits the right to challenge by appeal any issue but those affecting the interests and welfare of such children as may be involved. Accordingly, the only issue before us in this case is the amount of child support the wife was ordered to pay.

In that regard, the wife contends the district court abused its discretion when, in determining her support obligation, it averaged 3 years of her earnings instead of looking at the most recent year's earnings. We begin the analysis of the issues this claim presents by recalling that the amount of child support is initially entrusted to the discretion of the trial court and that although on appeal the issue is tried de novo on the record, in the absence of an abuse of that discretion, the trial court's award of child support will be affirmed. *Dabbs v. Dabbs*, 230 Neb. 368, 431 N.W.2d 640 (1988). On questions of law, however, an appellate court has an independent obligation to reach a correct conclusion. See, *Otey v. State, ante* p. 813, 485 N.W.2d 153 (1992); *State v. Melcher, ante* p. 592, 483 N.W.2d 540 (1992); *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989), *after remand* 236 Neb. 101, 459 N.W.2d 215 (1990).

The Nebraska Child Support Guidelines do not expressly prohibit averaging several years of earnings to arrive at a figure for determining child support. However, the rules require that the trial court determine the combined annualized income of the parties from which is computed the combined monthly income. Thus, the rules imply that, as a general matter, the parties' current earnings are to be used. See Nebraska Child Support Guidelines paragraph D. Indeed, recent cases have applied that approach. *Knippelmier v. Knippelmier*, 238 Neb.

428, 470 N.W.2d 798 (1991); *Hall v. Hall*, 238 Neb. 686, 472 N.W.2d 217 (1991); *Peterson v. Peterson*, 239 Neb. 113, 474 N.W.2d 862 (1991).

As the wife's salary has not been subject to fluctuation, the district court judge erred in averaging her income. However, it is appropriate to note that her current yearly net income is the result of only 10 months of work. Neb. Rev. Stat. § 42-364.16 (Reissue 1988) provides that the "Supreme Court shall provide by court rule, as a rebuttable presumption, guidelines for the establishment of all child support obligations." This rebuttable presumption is refuted when a party's earning capacity exceeds her or his actual earnings. When such a situation exists and application of the guidelines would result in an unfair and inequitable support order, the trial court may and should deviate from the guidelines. *Knippelmier v. Knippelmier, supra.*

In the instant case the wife has no daily responsibilities for the care of the children, and there is no reason she cannot work a full year. Consequently, her earning capacity is underutilized. She has proven that she has the capacity to earn at least $12,000 a year net, and it is on this figure that the child support payments should have been based. Frankly, we cannot reconcile the district court's computation of the husband's income with the record. It is quite clear that whatever else the district court may have done, it failed, contrary to the requirement of the guidelines, to add to his income the depreciation claimed on his tax returns. See paragraph D. When that is done, the husband's average net income over the relevant period is $19,355.

Thus, the combined net income of the two parties is $31,355 per year, or $2,612.92 per month. The "Income Shares Formula" of the guidelines requires that at that level of combined net income, $738 be allocated to child support. As the wife's income accounts for 38 percent of the income, her share of the support allocation for the two children is $280.44, or $20.44 more than she was ordered to pay. However, as the husband does not challenge the adequacy of the support ordered, we will not disturb the district court's decree.

AFFIRMED.