STATE OF NEBRASKA ON BEHALF OF KIRA C. HANNON,
AND MICHELLE HANNON, AS MOTHER AND NEXT
FRIEND OF KIRA C. HANNON, APPELLEES, V.
PAUL J. ROSENBERG, APPELLANT.

654 N.W.2d 752

Filed December 24, 2002.   No. A-01-114.

Mary Lee Skaff for appellant.

Lisa C. Lewis for appellee Michelle Hannon.

IRWIN, Chief Judge, and HANNON and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Michelle Hannon (Hannon), the natural mother and next friend of Kira C. Hannon (Kira), brought an action to modify a paternity

decree. On December 20, 2000, the district court for Douglas County, Nebraska, entered an order of modification increasing Paul J. Rosenberg's child support obligation based upon income averaging. The district court further ordered that Rosenberg be responsible for one-half of any health insurance premiums expended on behalf of Kira, in addition to one-half of all unreimbursed medical expenses and work-related daycare expenses. For the reasons set forth herein, we affirm in part, and in part reverse.

## PROCEDURAL BACKGROUND

Kira was born out of wedlock on September 22, 1994, to Hannon and Rosenberg. The State of Nebraska, on behalf of Kira, subsequently filed a petition to establish paternity on July 24, 1995. On December 18, 1995, the district court for Douglas County entered a decree of paternity, determining that Rosenberg was the father of Kira, and ordered Rosenberg to pay child support in the amount of $214 per month commencing on January 1, 1996. No other financial obligations were imposed on Rosenberg. The decree did provide, however, that Rosenberg was obligated to provide health and hospitalization insurance if it should become reasonably available to him through his employment.

On May 18, 1999, Hannon filed an application to modify the paternity decree based upon an increase in Rosenberg's income. Hannon requested contributions toward health insurance premiums, unreimbursed medical expenses, and daycare expenses expended on behalf of Kira in addition to an increase in child support. Rosenberg did not file any response to the application. On June 1, a hearing was held, following which the court issued a temporary order requiring Rosenberg to reimburse Hannon for one-half of Hannon's bona fide work-related childcare expenses, one-half of all health insurance premiums expended on behalf of Kira, and one-half of all nonreimbursable medical expenses commencing on June 1. Because Rosenberg failed to comply with that order, Hannon filed an application for contempt citation on February 10, 2000. An order to show cause was entered on February 11, with the contempt proceeding held on March 10. Rosenberg was found to be in contempt of the temporary order due to his failure to contribute to Kira's health insurance premiums in the amount of $150. Rosenberg was also ordered to pay $100 toward Hannon's attorney fees.

The trial on Hannon's application for modification was held on September 29, 2000. At trial, both parties testified and evidence was received as to both Hannon's and Rosenberg's incomes. The court received from Hannon numerous child support calculations that utilized a variety of different methods to determine each parent's monthly share of support. Rosenberg offered a basic net income and support calculation worksheet that was also received by the court. After taking the matter under advisement, the district court entered an order of modification that increased Rosenberg's child support from $214 per month to $304.12 per month retroactive to June 1, 1999. The arrearage was to be paid in monthly installments in the amount of $50 until paid in full. The court also ordered Rosenberg to pay for one-half of any health insurance premiums expended on behalf of Kira, one-half of all unreimbursed medical expenses, and one-half of any work-related daycare expenses. Because Kira's health insurance and daycare expenses were covered by the State at the time of trial, the order provided that Rosenberg's obligation would start when and if Hannon had to pay for these expenses. Thereafter, Rosenberg timely filed this appeal.

## FACTUAL BACKGROUND

At the time the paternity decree was entered in 1995, the evidence indicated that Rosenberg was earning an annual income of $28,000. Subsequent to that time, Rosenberg's income increased to approximately $34,000 in 1996 and $37,000 in 1997 and then gradually started to decline. In 1998, Rosenberg earned $30,000, followed by earnings of $29,000 in 1999. At the modification hearing, Rosenberg testified that his projected income for 2000 was $20,000 to $21,000 and he offered recent pay stubs to support this figure. In addition, Rosenberg's net monthly income and support calculation worksheet indicated that his net monthly income was $913. The worksheet included deductions made for income taxes and FICA contributions as well as a $450 deduction made for another child support obligation owed by Rosenberg.

At the time of trial, Rosenberg was 56 years old and had a high school education. He had been employed by VIP Car Wash (VIP) for the past 8 years. He had held several positions within the company over the years, but for the most part, he was responsible for

the company's bookkeeping duties and some car detailing work. Rosenberg claimed that he was unable to perform some of the manual labor due to his declining health condition and physical limitations. Rosenberg testified that in May 1999, VIP downsized significantly and made an across-the-board pay cut for all its remaining employees. Rosenberg suffered a $3-per-hour pay cut at that time, down to $9 per hour, which he continued to earn until the time of trial. After this cut in pay, Rosenberg submitted 15 applications to various employers around Omaha, seeking a position that paid more, but he did not receive any responses. There was no evidence presented to indicate that the pay decrease at VIP was temporary in nature.

Rosenberg testified that his current wife was employed full time and paid for the majority of the couple's living expenses while Rosenberg contributed very little. Rosenberg also has another minor child, not born of his current marriage or of his relationship with Hannon, that lived with him 50 percent of the time. Rosenberg stated that he had been unsuccessful in his attempts to have the $450 child support obligation for this child lowered.

While there was no evidence as to the level of Hannon's income at the time child support was initially determined in 1995, at the time of the modification hearing, Hannon was employed as a cashier at a truck plaza in Omaha, working 33½ hours per week earning $7.50 per hour. Hannon testified that because full-time hours were not available to her, she worked as a cafeteria worker substitute for the Millard public school system, earning $7.50 per hour and netting approximately $175 per month during the school year. Documentary evidence was received in evidence as to Hannon's 1999 income and projected earnings for 2000 with Hannon's average monthly earnings being $1,028.60 and $1,072.50, respectively.

## ASSIGNMENTS OF ERROR

On appeal, Rosenberg alleges that the district court erred (1) in ordering a modification of the 1995 paternity decree without specifically finding that there was a material change of circumstances, (2) by using income averaging in determining whether a material change of circumstances had occurred, and (3) by

ordering an increase in support when Rosenberg was already below the minimum subsistence level.

## STANDARD OF REVIEW

Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Crawford v. Crawford*, 263 Neb. 37, 638 N.W.2d 505 (2002); *Peter v. Peter*, 262 Neb. 1017, 637 N.W.2d 865 (2002). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Peter v. Peter, supra.*

Interpretation of the Nebraska Child Support Guidelines presents a question of law, regarding which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Workman v. Workman*, 262 Neb. 373, 632 N.W.2d 286 (2001).

## ANALYSIS

*Material Change of Circumstances.*

Rosenberg first alleges that the district court erred in modifying his child support obligation without finding that a material change of circumstances had occurred subsequent to the entry of the 1995 paternity decree. While we note that the district court did not make this specific finding in its order, it is apparent that the district court did find that a material change of circumstances had occurred, based upon the fact that Rosenberg's child support was increased. We also note that the change in support was greater than 10 percent as required by paragraph Q of the Nebraska Child Support Guidelines for establishing a rebuttable presumption of a material change of circumstances. However, in order to determine whether the district court abused its discretion in finding a material change of circumstances, it is necessary to address Rosenberg's next assignment of error regarding the use of income averaging in this case.

*Use of Income Averaging.*

The district court utilized income averaging to determine Rosenberg's income for purposes of establishing support. The worksheet attached to the December 20, 2000, modification order indicates that the district court averaged Rosenberg's earnings from 1998 and 1999 along with his projected income for 2000, which resulted in an average annual income of $26,111.58 with a gross monthly average of $2,175.96.

A party seeking to modify a child support order must show a material change of circumstances which occurred subsequent to the entry of the original decree or a previous modification and which was not contemplated when the prior order was entered. *Peter v. Peter, supra; Lambert v. Lambert,* 9 Neb. App. 661, 617 N.W.2d 645 (2000). Among the factors to be considered in determining whether a material change of circumstances has occurred are changes in the financial position of the parent obligated to pay support, the needs of the children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction in income, and whether the change is temporary or permanent. *Lambert v. Lambert, supra.* It is also well established that the Nebraska Child Support Guidelines are presumptively applicable in determining child support in cases of children born out of wedlock. *Lawson v. Pass,* 10 Neb. App. 510, 633 N.W.2d 129 (2001).

The Nebraska Child Support Guidelines specifically allow for income averaging in certain circumstances. Worksheet 1, the fifth footnote listed (footnote 5), states: "In the event of substantial fluctuations of annual earnings of either party during the immediate past 3 years, the income may be averaged to determine the percent contribution of each parent as shown in item 6. The calculation of the average income shall be attached to this worksheet."

The Nebraska Supreme Court recently addressed for the first time the application of the specific language of footnote 5 in *Peter v. Peter,* 262 Neb. 1017, 637 N.W.2d 865 (2002). In *Peter,* the mother brought an action to modify the decree, requesting an increase in the father's child support obligation. The evidence revealed that the father's income had been steadily increasing since the time of the decree, and there was no evidence to suggest that the increased income level would not continue. In denying

the mother's petition to modify, the trial court used an average of the father's income for the 3 years prior to trial, resulting in a variation of support of less than 10 percent. In reversing that part of the trial court's order, the Supreme Court held that it was inappropriate and contrary to the best interests of the children to use income averaging when the obligor's income is consistently increasing. The court concluded that there was no reason in this case to deviate from the principle that " 'as a general matter, the parties' current earnings are to be used.' " 262 Neb. at 1025, 637 N.W.2d at 873, quoting *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992). On remand, the trial court was directed to use the parties' current earnings as found in the record in calculating the father's child support obligation.

While we are faced with a steady decline in the father's income in the present case, as opposed to a steady increase, we find the rationale of *Peter* equally applicable. Rosenberg's income has shown a steady decrease since 1997 as opposed to "substantial fluctuations" as required by footnote 5 of worksheet 1. At the time of the hearing, the cut in pay that Rosenberg received in 1999 had continued for approximately 16 months, and there was no indication that his pay would be increasing in the future. While using income averaging to increase support is generally beneficial to minor children, this method should only be used when the facts support it. In this case, the facts do not support use of income averaging. We find that the district court erred in using Rosenberg's average income for the 3 years prior to trial in calculating child support. See, also, *Kern v. Kern*, 786 So. 2d 193 (La. App. 2001) (income averaging inappropriate due to decreased income from 1994 to 1996 followed by sustained decrease in 1997 and 1998).

The facts of the instant case likewise do not support a finding of a material change of circumstances since the entry of the decree. Rosenberg's income was approximately $28,000 at the time of the decree. Although it increased for the next 2 years, it began to decline in 1998, and at the time of trial, it was estimated to be approximately $20,000 to $21,000. Therefore, comparing Rosenberg's financial position at the time of the decree to such at the time of trial, there has clearly been a negative change. Further, there was no evidence of bad faith on Rosenberg's part

in sustaining the reduction in income. Finally, the reduction in Rosenberg's income is not temporary. These factors do not support a finding of a material change of circumstances justifying an increase in Rosenberg's support obligation for Kira. See *Lambert v. Lambert*, 9 Neb. App. 661, 617 N.W.2d 645 (2000).

Hannon argues that despite the drop in Rosenberg's current level of earnings, using income averaging to support an increase in support is appropriate because it would be unfair to Kira to be penalized when a higher amount of child support is being paid for Rosenberg's other child. However, Hannon does not assign as error the district court's deduction of this $450 support obligation in arriving at Rosenberg's net monthly income. Further, while this situation may be inequitable, we are unable to address the issue of the support for Rosenberg's other child in this proceeding.

We conclude that the district court erred in granting Hannon's application for modification, and we reverse that portion of the court's order which increased Rosenberg's monthly child support to $304.12 retroactive to June 1, 1999. However, we agree that Rosenberg should be responsible for one-half of the cost of health insurance, unreimbursed medical expenses, and daycare expenses to the extent any such expenses are actually incurred by Hannon, as required by paragraphs O and N, respectively, of the Nebraska Child Support Guidelines, and we affirm that portion of the court's order.

Because we are reversing the trial court's increase in monthly child support and because health insurance coverage and daycare for Kira are currently being provided by the State, it is unnecessary for us to address Rosenberg's remaining assignment of error regarding the minimum subsistence level.

## CONCLUSION

For the foregoing reasons, the order of the district court modifying the paternity decree is affirmed in part with regard to the requirement that Rosenberg pay one-half of any health insurance premiums, unreimbursed medical expenses, and daycare expenses actually incurred by Hannon on behalf of Kira. The order of the district court modifying Rosenberg's monthly child support is reversed.

AFFIRMED IN PART, AND IN PART REVERSED.